## INCORPORATED TOWN OF PARIS *v.* HALL.

Opinion delivered November 12, 1917.

MUNICIPAL CORPORATIONS—REPAIR OF HOUSE—ORDINANCE—POLICE POWER.—A city is without authority, under Kirby's Digest, section 5439, to prevent, by ordinance, the owner of property from repairing a building thereon, in any manner other than that prescribed in the ordinance, where the building was constructed before the passage of the ordinance. *Semble.* The power to regulate the building of houses carries with it, impliedly, the power to prevent complete renewal of a structure so as to constitute an evasion of the ordinance by converting the house into a new one in defiance of the provisions of the ordinance.

Appeal from Logan Chancery Court, Northern District; *W. A. Falconer,* Chancellor; affirmed.

*Sid White,* for appellant.

1. The ordinance conforms to the Constitution and laws of this State and is not void. 26 App. Cases (D. C.) 133; 6 A. & E. Ann. Cases 1014; 97 Pac. 199; 113 S. W. 1005; 62 W. Va. 665.

2. The town had ample power and authority to pass the ordinance. Kirby's Digest, § 5439, 35 Ark. 352; 71 *Id.* 4-9; McQuillin on Mun. Corp., Vol. 3, p. 2063, § 948.

3. The building was a nuisance. 18 Ark. 252. See also 76 Ark. 57; 101 *Id.* 223.

*J. H. Evans* and *Robert J. White,* for appellee.

1. The ordinance is void. 13 L. R. A. 481, 485-6-7; 6 Sup. Ct. Rep. 1064; 118 U. S. 356; 77 S. W. 669; 28 N. E. 312; 165 Ind. 304; 6 A. & E. Ann. Cas. 748; 71 Ind. 189; 85 Ark. 544; 183 S. W. 555-8; 3 McQuillin Mun. Corp. 2074-5, § 949; 101 Va. 182; 43 S. E. 343; 25 L. R. A. 621; 15 *Id.* 423; 110 N. C. 609.

2. The building was legally erected before the passage of the last ordinance, and appellee had the right to reasonably repair it. Appellee did not violate the ordinance by erecting any building contrary to the ordinance. Kirby's Digest, § 5439. The town had no authority to remove the building, or prevent repairs. 13 L. R. A. 481, and notes, 485-6-7; 4 Ont. 377; 27 Conn. 332; 10 Watts 307.

3. No uniform rule or plan is prescribed by the ordinance, but it is left to the unregulated and arbitrary discretion of the council. 118 U. S. 356; 77 S. W. 669; 28 N. E. 312; 6 A. & E. Ann. Cases 748; 71 Ind. 189; 85 Ark. 544; 183 S. W. 555-8, etc. See also 110 N. C. 609, 15 L. R. A. 423.

McCULLOCH, C. J. The plaintiff, Geo. A. Hall, owns a two-story frame building in the incorporated town of Paris, Arkansas, and instituted this action in the chancery court of that county to restrain the mayor and other officers of the town from interfering with him in making repairs on said building by putting a new roof on it. The officers of the town assert the right to prevent plaintiff from making repairs on his house under an ordinance prohibiting the building or repairing of houses within certain prescribed fire limits of the town, except

such buildings constructed in conformity with the ordinance.

There was an ordinance in force prior to the institution of the suit, but a new one was passed after the institution of the suit, but before the decree, and the correctness of the decree must, of course, be tested by the legal effect of the ordinance in force at the time of its rendition. The last ordinance created a fire limit which embraced plaintiff's property and prohibited the repairing or construction of frame buildings. The effort on the part of the officers of the town is to prevent plaintiff from putting a new roof on his house because it is not constructed in accordance with the terms of the ordinance. Ordinances of cities and towns depend for their validity upon the authority granted by the Legislature. The sole power conferred upon municipal corporations with respect to regulating the building of houses is as follows:

"Sec. 5439. They shall have the power to regulate the building of houses; to make regulations for the purpose of guarding against accidents by fire, and to prohibit the erection of any buildings or any addition to any building unless the outer walls thereof be made of brick or mortar, or stone and mortar; and to provide for the removal of any building or addition erected contrary to such prohibition." Kirby's Digest, § 5439.

It will be observed that the statute relates only to the building of houses and additions thereto and contains no authority to prevent the repairing of houses constructed prior to the passage of the ordinance. The authority "to make regulations for the purpose of guarding against accidents by fire" does not relate to the construction or repair of houses. Of course, the power to regulate the building of houses carries with it, impliedly, the power to prevent complete renewal of a structure so as to constitute an evasion of the ordinance by converting the house into a new one in defiance of the provisions of the ordinance. We have not, however, such a case presented by the facts now before us, for the

evidence in the case shows that the building is a very substantial structure, in good condition, and that the attempt to repair it does not constitute an evasion of that portion of the ordinance which relates to building houses.

We need not enter into a discussion now as to how far the Legislature can go in conferring authority on municipal corporations to regulate the repairing of houses constructed prior to the passage of any regulatory ordinance. There being no power conferred on the incorporated town to interfere with plaintiff in making repairs to his house, it follows that the decree of the chancellor in restraining such interference on the part of the officers was correct. Affirmed.