EARLE v. SHACKLEFORD.

Opinion delivered May 21, 1928.

*J. R. Pugh* and *Scott & Cooper,* for appellant.

*S. V. Neely,* for appellee.

HUMPHREYS, J. Appellee made changes and improvements in a wooden building located in the fire limits of the town of Earle, which was condemned by the city council and ordered removed within ten days, on account of being made in violation of ordinance 77 of said city, which provides that "no walls, structure, building or part thereof shall hereafter be built, enlarged or altered."

Appellee immediately brought suit to enjoin the city from removing the improvements on the alleged grounds:

First, that the work done on the old building did not amount to a new construction or addition to an old building, but, on the contrary, was only an alteration of the old building; and second, that the ordinance was void because it prohibited alteration being made in or on an old building. Appellee filed an answer, denying the material allegations in the complaint, and on the trial of the issues and testimony adduced responsive thereto, the court permanently enjoined appellant from removing the improvements, from which is this appeal.

The original building was constructed in 1909, and prior in time to the enactment of the fire ordinance. It was built for a blacksmith shop, out of one-inch boxing, with batting on the north and west sides, and without any floor or ceiling, its dimensions being 45x60 feet. At the time the new improvements were made it was in a dilapidated condition. The new improvements were made for the purpose of converting the building into a drive-in filling station and garage. The improvements consisted in constructing a new wall out of good material the entire length of the building, some fifteen feet west of the east wall. Two doors and a large number of windows were built in the new wall. The old east wall was then torn down, leaving a sufficient number of 2x4 supports standing to support the roof until brick columns could be erected to support same. The brick columns had not been erected at the time the new improvements were condemned and ordered removed, but their construction was contemplated. The old north and south walls were also torn down back west to the new wall. By tearing these old walls down the new wall containing the doors and windows became the front or east wall of the house, leaving an open driveway between the new wall and the east row of columns to be constructed to support the roof over the driveway. Three rooms were then constructed in the west part of the building by constructing partition walls therein. The original building consisted of one room without floor or ceiling. As reconstructed it con-

sisted of three rooms, with windows and doors, and a covered driveway of considerable width the entire length of the building. Our conclusion from the pictures, plats and testimony is that the old building, formerly used for a blacksmith shop, has been converted into practically a new building to be used for a drive-in filling station, and, to all intents and purposes, is a new and different building from the first or old one.

Under authority granted to municipal corporations by the Legislature, they have power to pass fire protection ordinances by preventing the erection of any building or addition to any building in fire zone districts, unless the outer walls thereof be made of brick or mortar * * *, and to provide for the removal of any building or addition to any building erected contrary to such prohibition. Section 7544, Crawford & Moses' Digest. In construing said section of the Digest this court ruled that it contained no authority to prevent the repairing of houses constructed prior to the passage of the ordinance, but that it did confer authority upon municipalities to prevent the building of wooden houses and additions to such houses. *Incorporated Town of Paris* v. *Hall,* 131 Ark. 104, 198 S. W. 705. The ordinance in question, passed under the authority conferred by the act, not only provided against the construction of wooden buildings but against the enlargement and alteration of old buildings within the fire limits.

Appellant attacks the validity of the ordinance on the ground it inhibits the alteration of old buildings. We think the word ''alteration'' used in the ordinance was used in the sense that an old building should not be changed in such a way as to convert it into a new and different structure. When used in this sense, it is within the power conferred, and is not a void ordinance. The evidence in the instant case reflects that this old building was altered in such a way as to convert it into practically a new and different structure from the original one. The

trial court found otherwise, but we think the finding was contrary to the weight of the evidence.

On account of the error indica'ted the decree is reversed, and the cause is remanded with direction to dismiss appellee's complaint for the want of equity.