THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* THE ONE HUNDRED AND THIRTY-ONE BOERUM STREET COMPANY, Respondent.

**New York (city of) — order of fire commissioner requiring owner of factory building to provide metal or kalameined frames and sashes for all windows on exposed sides of building — when commissioner authorized to make such order under ordinance of city — when owner of building liable to punishment for refusing to obey order of commissioner.**

Where an ordinance of the city of New York (Chap. 12, art. 2, § 20) provides that " The owners and proprietors of all manufactories * * * shall provide such fire hose, fire extinguishers, buckets, axes, fire hooks, fire doors and other means of preventing and extinguishing fires as the fire commissioner may direct," and the fire commissioner, empowered by the city charter to enforce all laws and ordinances for the prevention of fires and danger to and loss of life and property therefrom (Greater New York Charter, §§ 774, 775), ordered the defendant, the owner of a factory building, to provide metal or kalameined frames and sashes with wire glass for all windows on three sides of the building, the exposed and unprotected sides, and make the same self-closing, and the defendant refused to comply with such order, it cannot escape punishment for violating the order upon the ground that by its terms the ordinance does not include such means for the prevention of fire as were ordered by the commissioner, and that such changes, if otherwise authorized, would require a structural change in the building. A fair construction of the ordinance under the rule of *ejusdem generis*, includes the means for

prevention of fire which the defendant was ordered by the commissioner to adopt. The ordinance requires proprietors of factories to provide "fire doors and other means of preventing * * * fires," and kalameined window sashes and wired glass for windows are of a nature and character so similar, when used for the purpose of preventing fires, that they may be said to be included within the words "other means," as used in the ordinance. Furthermore, it cannot be held as matter of law that the order of the commissioner requires structural changes in the building.

*People* v. *131 Boerum Street Co.*, 196 App. Div. 976, reversed.

(Argued March 23, 1922; decided April 18, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 6, 1921, which reversed a judgment of the Court of Special Sessions of the city of New York, convicting the defendant of a misdemeanor for failure to comply with an order of the fire commissioner of the city of New York and dismissed the information.

*John P. O'Brien, Corporation Counsel* (*John F. O'Brien, Joseph I. Berry* and *Michael J. Kelly* of counsel), for appellant. Since the fire commissioner's order of December 5, 1916, does not require structural changes, it is authorized by the Code of Ordinances of the city of New York, chapter 12, article 2, section 20. The words "fire windows" as analogous to "fire doors" are to be read into the ordinance according to the rule *ejusdem generis*. (*Matter of Browning*, 175 App. Div. 526; 220 N. Y. 585; Laws of 1917, ch. 382, § 1556; *People ex rel. Broadway, etc.*, v. *Waldron*, 183 App. Div. 807; *Cohen* v. *Goodman*, 189 App. Div. 209; *Matter of Robinson*, 203 N. Y. 380; *People* v. *Kaye*, 212 N. Y. 407; *Lantry* v. *Mede*, 127 App. Div. 557; 194 N. Y. 544.)

*Alexander C. MacNulty* for respondent. There is no law or ordinance that requires a property owner to pro-

vide metal or kalameined frames and sash with wired glass for windows in his building, as required by the order of the fire commissioner herein. (*Matter of Browning* v. *Adamson,* 175 App. Div. 526; 220 N. Y. 585; *People* v. *Kaye,* 212 N. Y. 407.)

Hiscock, Ch. J. The defendant is the owner of a small brick factory building consisting of five stories and in which there are employed a considerable number of people. On three sides it is surrounded in close proximity by buildings of a highly inflammable character. While the building, upon its front and least exposed side, is equipped with fireproof windows, the windows upon the other three and more exposed sides are not fireproof. Under these circumstances the fire commissioner made and caused to be duly served upon the defendant an order providing as follows: " You are hereby ordered and required, within 30 days from the date of the service of this order, to: 1. Provide metal or kalameined frames and sashes with wire glass for all windows at north, east and west sides of building (being the exposed sides heretofore referred to) on 2nd, 3rd, 4th and 5th stories, and make same approved self-closing." The defendant having failed to comply with this order was summoned into the Court of Special Sessions upon a warrant charging it with violation of the order and there convicted and fined. The Appellate Division reversed this judgment of conviction and dismissed the information on the ground that the fire commissioner had no power to make the order in question, and that presents the questions with which we are concerned on this appeal.

Section 774 of the Greater New York charter, as amended and effective at the time in question, empowered the fire commissioner to enforce all laws and ordinances in respect of the prevention of fires and danger to and loss of life and property therefrom. Section 775, subdivision 2, of the same charter authorized him by order

in writing to require correction of any condition found to exist in any building (except tenement houses) in violation of any ordinance in respect of fires or the prevention of fires.  Chapter 12, article 2, section 20, of the Code of Ordinances of the city of New York, entitled " fires and fire prevention," provides:  " The owners and proprietors of all manufactories  *  *  *  shall  *  *  * provide such fire hose, fire extinguishers, buckets, axes, fire hooks, fire doors and other means of preventing and extinguishing fires as the fire commissioner may direct."

We are authorized to take judicial notice of this ordinance (Greater New York Charter, section 1556), and the inquiry presents two questions.  The first one is whether the ordinance by its terms includes such means for the prevention of fire as were ordered by the fire commissioner and second whether such changes if otherwise authorized would require a structural change in the building.

We think that a fair construction of the ordinance includes the means for prevention of fire which the defendant was ordered by the fire commissioner to adopt. Window sashes and windows such as were ordered are not specifically mentioned in the ordinance and, therefore, we are ed to the construction of general words in the latter under the rule of *ejusdem generis*.  We find that the ordinance requires proprietors of factories to provide in addition to appliances for extinguishing fires " fire doors and other means of preventing  *  *  * fires," and the final inquiry in this connection becomes the one whether kalameined window sashes and wired glass for windows are of a nature and character so similar to fire doors when directed to the purpose of preventing fires that they may be said to be included within the words " other means " as used in the ordinance.  It seems to us not unreasonable to say that they are.  A fire door as we know both by ordinary observation and

definition is a fireproof barrier used for the purpose of closing openings in a building so as to prevent the entrance and extension of fire. While it probably is true that this appliance is generally used to close interior rather than exterior openings in a building we know of no rule or decision which necessarily limits it to that location. But even so, it is a fact that it is used for the purpose of closing an opening in a building and of preventing fire from entering and spreading, and a fireproof window is of a generally similar construction, devoted to the same purpose and, fairly, an " other means of preventing * * * fires."

Neither do we think that the order of the fire commissioner which the defendant refused to obey required structural changes in the building within our decisions in *People* v. *Kaye* (212 N. Y. 407) and *Matter of Browning* v. *Adamson* (175 App. Div. 526; affd., 220 N. Y. 585). So far as the window frames or sashes are concerned defendant could comply with the order of the fire commissioner by painting or coating them with a certain kind of fireproof mixture. This involves no structural change. The same is true of the requirement for wired glass in windows. A window pane is of such a fragile and, therefore, temporary and changeable character that we do not think that anybody would regard it as a part of the permanent construction of the building as would be an elevator, a chimney or a wall. The feature of making the windows self-closing is a matter of detail involving the use of some simple device and certainly would not involve anything more in the way of permanent construction than would the appliances which are attached to an ordinary fire door causing it to close when fire approaches.

Therefore, we do not think that it can be said as a matter of law that the changes ordered by the fire commissioner were not covered by the terms of the ordinance or that they involved structural changes.

The judgment of the Appellate Division should be reversed and that of the Special Sessions affirmed.

HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment reversed, etc.