In the Matter of ALBERT G. BAERENKLAU et al., Copartners, Doing Business as BAERENKLAU & COMPANY, Respondents, against EDWIN H. THATCHER, as Commissioner of Buildings of the Borough of Brooklyn, Appellant.

(Argued November 30, 1935; decided January 14, 1936.)

*Benjamin Reass* for appellant. Chapter 764 of the Laws of 1933 completely vested in the Department of

Buildings sole jurisdiction — to the exclusion and divestment of every other municipal department — over buildings, and all matters pertaining to them, and transferred to the Department of Buildings all powers of the Fire Commissioner relating to fire prevention, including jurisdiction over the installation of oil burners and tanks. (*City of New York* v. *Stewart Realty Co.*, 109 App. Div. 702; *People ex rel. Beinert* v. *Miller*, 100 Misc. Rep. 318; *Lakes Island Realty Co.* v. *McDermott*, 96 Misc. Rep. 37; *Grady* v. *National Conduit & Cable Co.*, 153 App. Div. 401; *Brill* v. *Miller*, 140 App. Div. 602; *Bradley* v. *Buffalo, N. Y. & E. R. R. Co.*, 34 N. Y. 427; *Hyatt* v. *Taylor*, 51 Barb. 632.)

*Abraham Lillienthal* and *Irving A. Heimlich* for respondents. Chapter 764 of the Laws of 1933 did not transfer to the Commissioner of Buildings the jurisdiction of the Fire Department over combustibles including jurisdiction over the matter involved in this proceeding. (*United States Trust Co.* v. *Blake*, 234 N. Y. 273; *Matter of Browning* v. *Adamson*, 175 App. Div. 526; 220 N. Y. 585; *People* v. *131 Boerum St. Co.*, 233 N. Y. 268; *People* v. *Kaye*, 212 N. Y. 407; *New York State Investing Co.* v. *Brady*, 214 App. Div. 592; *New York Fire Department* v. *Atlas S. S. Co.*, 106 N. Y. 566; *Matter of Emerson* v. *Buck*, 230 N. Y. 380; *People ex rel. Hallock* v. *Hennessy*, 205 N. Y. 301; *City Bank F. T. Co.* v. *N. Y. C. R. R. Co.*, 253 N. Y. 49.)

*Paul Windels*, Corporation Counsel (*Paxton Blair* and *Edmund L. Palmieri* of counsel), for Fire Commissioner of the City of New York, *amicus curiæ*. The authority of the Fire Department to make inspections, regulations and issue permits with respect to the storage of combustibles is clearly conferred by section 774 of the charter of the city of New York (L. 1901, ch. 466). (*City of New York* v. *New York City Ry. Co.*, 193 N. Y. 543; *Peterson* v. *Martino*, 210 N. Y. 412; *People* v. *Dwyer*, 215 N. Y. 46.)

O'BRIEN, J. Subsequent to the enactment of chapter 764 of the Laws of 1933, these petitioners installed for the owner of certain premises in Brooklyn an oil burning furnace and a tank capable of holding two hundred and seventy-five gallons of fuel oil. The Fire Commissioner of the City of New York, acting through the " Bureau of Fire Prevention — Division of Combustibles," inspected the oil burner and tank and on October 4, 1934, issued a permit to the owner to keep two hundred and seventy-five gallons of oil on his premises. The Commissioner of Buildings of the borough of Brooklyn notified the owner of the existence of a violation for the reason that no tank test had been made as required by the Department of Buildings. The courts below have issued an order of mandamus commanding the Commissioner of Buildings to cancel the violation. The question of law is whether, since the enactment of chapter 764 of the Laws of 1933, jurisdiction relating to the storage of combustibles is vested in the Fire Commissioner or in the Commissioner of Buildings.

Prior to the enactment of chapter 899 of the Laws of 1911 three bureaus had existed in the Fire Department by virtue of section 727 of the Greater New York Charter (Laws of 1901, ch. 466) — a bureau charged with the duty of preventing and extinguishing fires, *another bureau charged with the execution of all laws relating to the storage, sale and use of combustible materials*, and a third bureau charged with investigation of the origin and cause of of fires. During the year 1908 the Commissioner of Accounts, by direction of the Mayor, made an investigation of the methods of the Fire Department. In the course of that investigation an engineer representing the Merchants Association reported that in his opinion the Bureau of Combustibles should become a subdivision of the Bureau of Fire Prevention. In the year 1911 section 727 of the Greater New York Charter was amended by chapter 899 of the laws of that year. By this section, as so amended, the Fire Commissioner was authorized to

organize the department into such bureaus as may be convenient and necessary, but only two bureaus were mandatorily established — the " fire bureau " for the extinguishment of fires and " a bureau of fire prevention, which under the direction of the commissioner shall perform the duties and exercise the powers in relation to the prevention of fires devolved upon the commissioner by this act or by any other law or ordinance." The effect of this amendment is the abolition of the former Bureau of Combustibles. Assuming that the Fire Commissioner was vested with power to re-create a Bureau of Combustibles, the record in this proceeding displays strong proof that, when chapter 764 of the Laws of 1933 became effective, no such bureau had been established. The permit issued by the Fire Commissioner in this proceeding is entitled " Bureau of Fire Prevention — *Division* of Combustibles, Combustible Permit," and the Fire Commissioner's affidavit informs us that, when the Fire Prevention Bureau was created, the Bureau of Combustibles became a department of the Fire Prevention Bureau. His affidavit also states that, prior to the issue of this permit, the inspection was made by the *Division* of Combustibles. We think, therefore, that not only by force of chapter 899 of the Laws of 1911 the former Bureau of Combustibles was abolished, but also, by the facts appearing in this record, that the Fire Commissioner had not availed himself of any authority to re-create a Bureau of Combustibles. The old Bureau of Combustibles became part of the Bureau of Fire Prevention and all power formerly residing therein had vested in the Bureau of Fire Prevention when chapter 764 of the Laws of 1933 became effective.

This new statute (§ 1) provides by section 408: " Bureau of fire prevention; transfer of employees. The bureau of fire prevention of the fire department of the city of New York established by section seven hundred and twenty-seven of the Greater New York Charter is hereby trans-

ferred to the department of buildings. All the powers and duties now conferred by law upon the fire commissioner of the city of New York and enforced through such bureau are transferred to and shall be exercised by the commissioner of buildings in the borough for which he has been appointed." The same section transfers from the Bureau of Fire Prevention to the Department of Buildings all officers and employees, all appropriations and all records, thus leaving the Bureau of Fire Prevention powerless to function. Section 416-a of this statute also provides that all laws which are inconsistent with any of its provisions shall be deemed not to apply. Respondent argues that the provisions of section 774, subdivisions 2 and 5, and section 775, subdivision 5, of the Greater New Charter are not repugnant to chapter 764 of the Laws of 1933 and that the Legislature, by omitting to make some new provision in chapter 764 of the Laws of 1933 contrary to them, purposely left them in effect. Section 774, subdivision 2, as amended by chapter 503, Laws of 1916, empowered the Fire Commissioner to enforce all laws and ordinances and the rules and regulations of the Board of Standards and Appeals in respect of " the storage, sale, transportation or use of combustibles, chemicals and explosives " and subdivision 5 of the same section confers a like power in respect of " the investigation of the cause, circumstances and origin of fires and the suppression of arson." Section 775, subdivision 5, empowers the Fire Commissioner to " cause any vessel moored to or anchored near any dock or pier in the city to be removed to and secured at such place in the harbor as shall be designated by the commissioner, provided such vessel shall be on fire or in danger of catching fire or is, by reason of its condition, or the nature of its cargo, a menace to shipping or to property or the water front of the city." Part of the power conferred upon the Fire Commissioner by section 775, subdivision 5, could, in the event that a vessel should

be on fire or be in danger of catching fire from a conflagration raging in the vicinity, be enforced through the Fire Bureau which survived the abolition of the Bureau of Combustibles by chapter 899 of the Laws of 1911, and the residue of the power conferred by section 775, subdivision 5, as well as all the authority vested in the Fire Commissioner by section 774, subdivision 2, could be enforced by him only through the Bureau of Fire Prevention. Some weight may, however, be attached to respondents' argument when they point out the specific enumeration in chapter 764 of the Laws of 1933 of many of the powers formerly vested in the Fire Commissioner and transferred by that act to the Commissioner of Buildings and the omission from the new statute of the particular powers which had been conferred upon the Fire Commissioner by section 774, subdivisions 2 and 5, and by section 775, subdivision 5, of the Greater New York Charter, but the Fire Commissioner's jurisdiction over " the storage, sale, transportation or use of combustibles, chemicals and explosives " residing in him by virtue of section 774, subdivision 2, of the Greater New York Charter could be enforced only through the Bureau of Fire Prevention subsequent to the abolition of the Bureau of Combustibles by chapter 899 of the Laws of 1911. The omission specifically to enumerate in chapter 764 of the Laws of 1933 this and other particular powers is, as we think, outweighed by the sweeping, all-inclusive provision in section 408 of the new statute by which the Bureau of Fire Prevention and *all* its powers were transferred to the Department of Buildings. Conceivably the act was not drawn so as to reflect the exact legislative intent. A strong argument could be addressed to the Legislature tending to prove a better administrative policy in retaining within the jurisdiction of the Fire Department the enforcement of laws relating to " the storage, sale, transportation or use of combustibles, chemicals and explosives." That body is now in session,

and until it explicitly enacts that the Fire Commissioner shall retain this power as an exception to the powers transferred to the Commissioner of Buildings, we feel that this court would encroach upon the legislative function if we should ignore the comprehensive language by which the Legislature directed the transfer of the Bureau of Fire Prevention with *all* its powers to the Department of Buildings.

The order of the Appellate Division and that of the Special Term should be reversed and the motion for mandamus denied, with costs to appellant in all courts.

LEHMAN, J. (dissenting). The petitioner installed an oil burning furnace and in connection therewith a tank capable of holding two hundred and seventy-five gallons of oil. The Fire Commissioner of the city of· New York issued a permit for the storage of oil in the tank. The Commissioner of Buildings of the borough of Brooklyn filed a notice of violation and served upon the owner of the building a notice to remove the oil burner and tank because they were installed without application to the Department of Buildings and without inspection or tank test as required by that department. A mandamus order has been issued for the cancellation of the violation.

Prior to 1933 the charter of the city of New York conferred upon the Superintendent of Buildings " exclusive jurisdiction and charge, subject to and in accordance with the general rules and regulations to be established by the board of standards and appeals, of the construction, alteration, structural changes in and removal of buildings and other structures erected or to be erected within such borough * * *." (§ 406, as amd.) The jurisdiction was broad and at times encroached upon the functions and jurisdiction of the Fire Commissioner. His functions and duties fell, generally, into two groups: *First*, those connected with the extinguishment of fires; *second*, those connected with the prevention of fires. Many of the functions and duties of the Fire Commis-

sioner in the field of fire prevention concerned the physical structure of buildings. They included the installation and maintenance of fire alarm systems and fire extinguishment equipment; the means and adequacy of exit, in case of fire, and the use and occupancy of buildings. (Charter, § 774.) He was empowered to inspect any building or structure and to order the remedying of any condition found to exist therein " in violation of any law or ordinance or rule or regulation of the board of standards and appeals in respect to fires or to the prevention of fires or in respect to any of the matters mentioned in section seven hundred and seventy-four;" to order the installation of fire alarm systems and fire extinguishment equipment and the maintenance or repair thereof or the construction of adequate and safe exits. He might even order any building or structure which, in his opinion, was inadequately protected against fire perils to be vacated or to be condemned and removed. (§ 775.) Since in other matters the Building Department was also charged with the duty of inspection of buildings and their construction and alteration, there was here dual control of the administration of law and ordinances relating to the physical structure and maintenance of buildings with all the administrative objections and difficulties inherent in dual or divided control. (Cf. *People* v. *Kaye*, 212 N. Y. 407; *People* v. *131 Boerum St. Co.*, 233 N. Y. 268; *United States Trust Co.* v. *Blake*, 234 N. Y. 273.)

The Legislature, by chapter 764 of the Laws of 1933, undertook to remedy these evils by a complete revision of the provisions of the charter in respect to the Department of Buildings. Now the Commissioner of Buildings in each borough is vested with " exclusive jurisdiction " to examine and approve or disapprove all plans for buildings, structures and alterations within the borough, and with exclusive power to enforce all laws and ordinances, rules and regulations of the Board of Standards and Appeals in respect of enumerated matters where previously

that power had been vested in or shared by the Fire Commissioner. The enumeration is careful. In the same language used previously in the charter in conferring powers upon the Fire Commissioner, the new law conferred exclusive power upon the Commissioner of Buildings. Here there was no room for judicial construction. The Fire Commissioner was divested of all powers in respect to prevention of fires and danger to and loss of life and property in connection with the physical structure and alteration of buildings and their use and occupancy. (§ 407.)

It is to be noted, however, that elsewhere the powers of the Fire Commissioner were not touched by those sections. The enumeration of powers transferred to the Commissioner of Buildings did not include " the storage, sale, transportation or use of combustibles, chemicals and explosives," or " the investigation of the cause, circumstances and origin of fires and the suppression of arson." It is significant, too, that where the powers of the Fire Commissioner extended not only to buildings and structures but also to " vessels," the power conferred upon the Commissioner of Buildings did not extend to vessels. Quite evidently it was not the intention here to vest in the Commissioner of Buildings under the broad term of the " prevention of fires and danger to and loss of life and property therefrom " the powers of the Fire Commissioner omitted from the enumeration. We need not here resort to the maxim " *expressio unius est exclusio alterius.*" In the absence of language not open to any other construction we may not impute to the Legislature an intention to vest in the Commissioner of Buildings a jurisdiction in matter so foreign to his other functions as " the storage, *sale, transportation or* use of combustibles, chemicals and explosives " or the " investigation of the cause, circumstances and origin of fires and the suppression of arson " or the control of vessels which may be " a menace to shipping or to property or the water front of the city."

In this proceeding, it is true that the Commissioner of Buildings does not assert jurisdiction over the origin of fires and the suppression of arson or even over " vessels " or the " sale " and " transportation " of chemicals; but apparently the court is now holding that only the Commissioner of Buildings has such jurisdiction. He asserts jurisdiction now only over the installation in buildings of tanks, which have not been tested by the Department of Buildings. In so far as the installation of tanks in a building may involve structural alterations in the building, the assertion of jurisdiction by the Commissioner of Buildings is not subject to challenge. There the powers of the Building Department are plenary, and are not restricted by any subsequent enumeration of powers. The Commissioner of Buildings, however, goes further and asserts complete and exclusive jurisdiction over the testing of any receptacle to be used in a building even though such use involves no change or alteration in the building, and upon the argument of the appeal, counsel stated that the only question intended to be presented to the court is whether the jurisdiction of the Fire Commissioner in the field of the " storage, sale, transportation or use of combustibles, chemicals and explosives " has been transferred to the Building Department by implication, though omitted from the enumeration of powers transferred to that department.

The implication arises, it is said, from the fact that this power was, prior to 1933, exercised by the Fire Commissioner through the Bureau of Fire Prevention, and that chapter 764 of the Laws of 1933 provides in part: " Bureau of fire prevention; transfer of employees. The bureau of fire prevention of the fire department of the city of New York established by section seven hundred and twenty-seven of the Greater New York charter is hereby transferred to the department of buildings. All the powers and duties now conferred by law upon the fire commissioner * * * and enforced through such bureau are transferred to and shall be exercised by the

commissioner of buildings in the borough for which he has been appointed." (§ 408.)

The statute must be read as a whole. On its face a section entitled " Bureau of fire prevention; transfer of employees " is intended as an administrative measure. It should not be construed as an additional grant of powers which have been omitted, by evident intent and not by inadvertence, from the careful enumeration of powers in the preceding grant. In his opinion Judge O'BRIEN traces the history of the Bureau of Fire Prevention and its Department or Division of Combustibles. Always it appears that that department was a recognized entity within the Bureau of Fire Prevention. Perhaps the duties of the Fire Marshal also were performed by a similar department within the Bureau, though that is not made clear. (Cf. Greater New York Charter, § 779.) The powers and jurisdiction of public officers should be clearly defined. They should not be left to doubtful implication based upon administrative details not disclosed by the statute. A person reading the statute alone would find in its language no indication of any intent to divest the Fire Commissioner of powers not expressly granted to the Commissioner of Buildings. We may not impute to the Legislature any intention to render nugatory its previous enumeration of powers granted by resort to a section which is intelligible only to those persons who are acquainted with the details of the administration of the Fire Department, nor to leave in the air the jurisdiction over those matters omitted from the careful enumeration of the powers transferred from the Fire Commissioner to the Commissioner of Buildings.

The evident purpose of section 408 is to transfer to the Department of Buildings the employees of the Fire Prevention Bureau, since the statute had specifically transferred to the Department of Buildings almost all the duties performed by those employees. The transfer of the powers " enforced through such bureau " must reasonably

be confined to those powers connected with the jurisdiction of the Department of Buildings conferred by the earlier sections. It should not be construed as an enlargement of that jurisdiction.

Under this limited application of section 408, it appears that the Commissioner of Buildings is vested with exclusive jurisdiction over all buildings and alterations, with all the powers enumerated in section 407, and by transfer of the employees of the Bureau of Fire Prevention of the Fire Department is furnished with the means of carrying out its powers. The Fire Department is left with the jurisdiction which the Legislature carefully omitted from the enumeration of functions and powers conferred upon the Building Department, including the test of storage tanks for combustibles.

Order should be affirmed.

CRANE, Ch. J., HUBBS, CROUCH and FINCH, JJ., concur with O'BRIEN, J.; LEHMAN, J., dissents in opinion, in which LOUGHRAN, J., concurs.

Orders reversed, etc.