PAYE *v.* CITY OF GROSSE POINTE.

1. Municipal Corporations—Zoning Ordinances—Construction—Structural Alterations.

Alleged intent upon part of city gradually to extinguish nonconforming uses by the ultimate depreciation of property through the prohibition of structural alterations *held*, neither expressed nor implied by zoning ordinance, hence is not considered in interpretation of phrase "structurally altered or enlarged" in regulation as to nonconforming buildings in existence at time ordinance was passed (City of Grosse Pointe Zoning Ordinance, § 3, subd. [A]).

2. Same—Zoning Ordinances Must Be Reasonable.

A zoning ordinance must be reasonable and its reasonableness becomes test of its legality.

3. Statutes—Construction—Courts—Administrative Construction.

It is the duty of courts to construe the language of a statute and while administrative construction is entitled to the most respectful consideration and ought not to be overruled without cogent reasons, such construction is not binding upon the courts.

4. Municipal Corporations—Zoning Ordinances—Permissive Nonconforming Uses—Structural Alterations.

Under language of city zoning ordinances permitting continuance of nonconforming uses of structures in various zones, reasonable construction of words "structurally altered" *held*, to mean city council intended to prohibit such a change as would convert an existing building into a different structure (City of Grosse Pointe Zoning Ordinance, § 3, subd. [A]).

5. Same—New Store Front Not a Structural Alteration—Mandamus.

Installation of new front to two adjacent buildings, ground floors of which have hitherto been used for store purposes with glass display windows and partition between which has been removed, so as to provide an entrance through a center door and have a modern plate glass front across the two buildings,

where there is no change of form, character or size of the building, its general appearance or structural quality, *held,* not a structural alteration within meaning of a city zoning ordinance permitting continuance of nonconforming uses in the various zones if building is not structurally altered, hence mandamus should issue to compel granting of building permit to make such installation (City of Grosse Pointe Zoning Ordinance, § 3, subd. [A]).

Appeal from Wayne; Nicol (Henry G.), J. Submitted January 5, 1937. (Calendar No. 38,993.) Decided March 2, 1937.

Mandamus by Lillie Paye and others to compel the City of Grosse Pointe, a municipal corporation, Chester F. Carpenter and others comprising city council, Norbert P. Neff, city clerk, Fred J. Baker, building commissioner, and Albert E. Meder, corporation counsel, to issue a building permit. Petition denied. Plaintiffs appeal. Reversed.

*Frederick Goodell,* for plaintiffs.

*Albert E. Meder* (*Beaumont, Smith & Harris,* of counsel), for defendants.

Bushnell, J. Leave was granted to appeal from an order of the Wayne circuit court denying appellants' petition for writ of mandamus to direct defendants to issue a building permit.

Decision in this case depends upon the meaning of the words ''structurally altered or enlarged'' as embodied in the text of paragraph (A) of section 3 of the zoning ordinance of the city of Grosse Pointe, adopted October 28, 1927. The paragraph in question reads as follows:

''Except as hereinafter provided, no building or premises or part thereof shall be used, altered, constructed or reconstructed except in conformity with

the provisions of this ordinance which apply to the district in which it is located. However, any lawful nonconforming use existing at the time of passage of this ordinance may be continued provided that the building or premises involved shall neither be structurally altered or enlarged unless such altered or enlarged part shall conform to the provisions of this ordinance for the district in which it is located. No nonconforming use if discontinued for more than one year or changed to a use permitted in the district in which it is located shall be resumed or changed back to a nonconforming use.''

Plaintiffs are the owners of premises located at 16903-16915 East Jefferson avenue which, at the date of the adoption of the ordinance and for a long time prior thereto, was used by them for business purposes. The westerly two-story building is of brick and frame construction and the connecting easterly one-story building is of brick. There is a store on the ground floor of each building and the two stores have been made into one by the removal of a plastered wall, access from the street being had through three doorways. The two buildings have the usual store fronts with glass display windows. Plaintiffs desire to remove the old fronts and install a modern plate glass front across the two buildings with access into the present store through a center door.

The words in question are not defined in the ordinance nor has our attention been directed to any opinion of this court containing a definition of the disputed term other than that contained in the recent cases of *Healy* v. *Toles,* 266 Mich. 584 (92 A. L. R. 749), and *C. K. Eddy & Sons* v. *Tierney,* 276 Mich. 333. In the former, we held under the rule *ejusdem generis* that the word ''structure'' in the mechanic's lien statute (3 Comp. Laws 1929, § 13101)

was "meant to include only objects similar in character to a house," etc., and that canals do not fall within this category. In the latter, a zoning ordinance matter, we held that the word "structure" standing in its context has a broader meaning and "is any production or piece of work artificially built up or composed of parts joined together in some definite manner; any construction."

Appellees' argument amounts to the claim that a structural alteration is any change whatever in the appearance of a building either interior or exterior. Appellants contend that the term "structurally altered or enlarged" does not include replacing old store fronts with a new one.

2 Am. Jur. p. 596, says:

"In the ordinary acceptation of the word, an 'alteration' is a change of a thing from one form or state to another, that is, making a thing different from what it was, but without destroying its identity."

"Structural alteration" is said by 60 C. J. p. 665 to be "such alteration as would change the physical structure of a building."

Discussing the word "alteration," 3 C. J. S. p. 899, says:

"It has been said that the word is one that can never acquire by judicial decision a fixed or definite meaning, because it connotes change from, and is always relative to, some former state or condition, which is itself capable of unlimited variety, and that its meaning in a particular case is subject to the usual interpretative influences of subject, context, associated words, and to the former conditions to which it relates.  * * *  As applied to buildings, a change or substitution in a substantial particular of one part of a building for a building different in that

particular; a change or changes within the superficial limits of an existing structure; an installation that becomes an integral part of the building and changes its structural quality; a substantial change therein; a varying or changing the form or nature of such building without destroying its identity.''

Various authorities are annotated under the three textual citations just given.

Appellees quote the following from *Pross* v. *Excelsior Cleaning & Dyeing Co., Inc.*, 110 Misc. Rep. 195 (179 N. Y. Supp. 176):

"What is or amounts to a structural change is not easy of definition. The term is elastic. In a sense, a fire escape or stairway is a structure; so, also, is a stepladder, post, or a fence. By structural change, in cases of this character, I believe is meant such a change as to affect a vital and substantial portion of the premises, as would change its characteristic appearance, the fundamental purpose of its erection, or the uses contemplated, or a change of such a nature as would affect the very realty itself —extraordinary in scope and effect, or unusual in expenditure.''

The question has arisen in New York in connection with the authority of the fire commissioner to order changes and it has been held that structural changes are not involved in the installation of automatic sprinklers, *People* v. *Kaye*, 212 N. Y. 407 (106 N. E. 122), and "metal or kalameined frames and sashes with wire glass for all windows,'' *People* v. *131 Boerum Street Co.*, 233 N. Y. 268 (135 N. E. 327).

Another authority says the word "alteration" used in an ordinance prohibiting the enlargement and alteration of old buildings within the fire limits means that an existing building shall not be changed

in such a way so as to convert it into a new and different structure. *Earle* v. *Schackleford,* 177 Ark. 291 (6 S. W. [2d] 294).

Annotations upon the validity and construction of comparable provisions in other ordinances and statutes may be found in 64 A. L. R. 920 and Mich. Stat. Ann. § 5.2931.

Defendants say the construction of the disputed language should turn, in part at least, upon the intent of the city gradually to extinguish nonconforming uses by the ultimate depreciation of property through the prohibition of structural alterations, otherwise the life of the building would be unduly prolonged. The ordinance itself does not contain a statement of such intent nor can it be gathered from a reasonable reading of its language.

If nonconforming uses of property within the city of Grosse Pointe are to be allowed and they are permitted under certain conditions by the ordinance, the right of the owner to repair, should not be unreasonably curtailed by judicial construction. We held in *City of Pleasant Ridge* v. *Cooper,* 267 Mich. 603, 606, that a zoning ordinance must be reasonable "and the reasonableness becomes the test of its legality."

While appellees state in their brief that "thus far in our argument, we have considered that the question of what constitutes 'structural alterations' is one of law," they also call attention to 1 Comp. Laws 1929, § 2637, subd. (d) which reads in part:

"The decision of such board (board of zoning appeals) shall be final so far as it involves discretion or the finding of facts."

We hardly supposed that anyone doubted that the construction of a statute or ordinance is a matter of

law and not of fact. This is a well-recognized judicial function. It is the duty of courts to construe the language of the statute and while "the construction given to a statute by those charged with the duty of executing it is always entitled to the most respectful consideration and ought not to be overruled without cogent reasons," such construction is not binding upon the courts. *Boyer-Campbell Co.* v. *Fry,* 271 Mich. 282 (98 A. L. R. 827), and authorities therein cited at pages 296, 297. ·

A consideration of the context of the zoning ordinance of the city of Grosse Pointe and the permissive language which provides for nonconforming uses brings us to the conclusion that a reasonable construction of the words "structurally altered" means that the city council intended to prohibit such a change as would convert an existing building into a different structure.

Under the ordinance, the premises can be used for business purposes. The proposed alteration does not change the form or character of the building, its general appearance, or structural quality; it merely substitutes new windows and doors for the old ones and the size of the store is not enlarged. It will perhaps be made more modern and attractive. In our opinion the installation of a new front is not a structural alteration within the meaning of the ordinance.

The order of the circuit court is vacated and the cause remanded with directions to issue the writ. Costs to appellants.

FEAD, C. J., and NORTH, WIEST, BUTZEL, SHARPE, POTTER, and CHANDLER, JJ., concurred.