## UNITED STATES v. COX.
### No. 5870.

United States District Court
W. D. Missouri, W. D.
Oct. 19, 1949.

Ralph E. Griffith, Litigation Attorney, Kansas City, Mo., Joseph C. Lyons, St. Louis, Mo., for plaintiff.

John R. Clark, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

This is an action by the United States against the defendant under the National Housing and Rent Act, as amended, 50 U.S.C.A.Appendix, §§ 1881–1902.

The property involved is located at 905–907 Benton Boulevard, Kansas City, Missouri. It is charged by the Government that this property is a controlled housing accommodation because located within the Defense Rental Area.

It is admitted that the defendant was the owner of said property, and that he demanded and collected rentals as set forth in the complaint, all of which were in excess of the maximum fixed by the Housing Expediter, but the defendant justifies the alleged overcharge on the ground that he effected a conversion of said property for the purpose of increasing the housing accommodations and that, in consequence, it is no longer subject to control. The defendant showed that heretofore, while admittedly subject to control, there were six units in said apartment house, with six rooms in each apartment. The conversion claimed by the defendant was that, from the six unit, six room apartments, he made such substantial changes as to provide for twelve units, and that for each of said units he exacted a rental of $32.50 per month.

The Housing Expediter refused to permit registration of the new units as decontrolled housing accommodations. The alterations in the apartments, which it is claimed amounted to a conversion, were made in October, 1948. In the conversion, or remodeling operations, which the defendant contends were substantial alterations, the defendant caused to be installed considerable plumbing so that six new kitchenettes were provided with sinks and the customary flow of water. While the defendant claimed that the aggregate cost of such alteration was approximately $5,000, the testimony indicated that it did not exceed $3,000. No walls were removed as contended by defendant, but new temporary partitions were placed in some of the rooms. Such partitions were of light material and in some cases did not separate the rooms, except near the floor, as the partitions were not high enough to reach the ceilings. It was the contention of the defendant that the new apartments, by the conversion, were composed of three room efficiency apartments and that each one was self-contained, and that, by cutting door-ways separate entrances were provided to each apartment. The number of bathrooms was not increased but the alterations were such as to enable the tenants of two units to use a single bathroom. When

the changes were made, and the defendants sought to register the new apartments, a refusal was had upon the ground that the alterations were not substantial and did not comply with the regulations of the Housing Expediter, who had promulgated the rule that in such cases conversions must show structural changes.

1. A pertinent statute, Section 1892 Title 50 Appendix, is as follows:

"(c) The term 'controlled housing accommodations' means housing accommodations in any defense-rental area, except that it does not include * * *

"(3) any housing accommodations (A) the construction of which was completed on or after February 1, 1947, *or which are additional housing accommodations created by conversion on or after February 1, 1947,* * * *." (Emphasis mine.)

To the end that the public might not be imposed upon by mere temporary alterations, the Expediter promulgated a rule requiring that conversions under this statute must mean structural changes. The phrase "structural changes" has been defined judicially many times. One of the best definitions is found in a Michigan case styled Paye v. City of Grosse Pointe, 279 Mich. 254, 271 N.W. 826, 827, as follows: "Structural change * * * is * * * such a change as to affect a vital and substantial portion of the premises, as would change its characteristic appearance, the fundamental purpose of its erection, or the uses contemplated, or a change of such a nature as would affect the very realty itself—extraordinary in scope and effect, or unusual in expenditure."

Admittedly what constitutes a structural change in a building is not easy to define. See also Vol. 40, Words and Phrases, Perm.Ed. p. 321.

All of the evidence in the case shows that the alterations in the instant case were very insubstantial; no walls were torn out or erected and the new partitions provided were but temporary and inexpensive. The defendant did incur considerable expense in the matter of plumbing. This was because it involved installation of basins or sinks and accessories for running water.

The evidence is insufficient to show that there was a conversion within the contemplation of the law.

2. Moreover, the Housing Expediter employs inspectors to check claimed conversions. These are men experienced in carpentry and architecture, and it was their judgment (and they so reported) that the alterations made in the property were not substantial and would be but temporary, and were inadequate to effect decontrol of the property.

The court must necessarily rely upon the experience and judgment and discretion of the administrative agency whose duty it is to determine questions of this kind. There was no arbitrary action or abuse of discretion in the case.

In view of the above, judgment should be rendered for the plaintiff as demanded in the complaint. Counsel for plaintiff will prepare an appropriate decree.