## HORWITZ *v.* DEARBORN TOWNSHIP.

1. TOWNSHIPS—ZONING ORDINANCE—NONCONFORMING USES—ALUMINUM SIDING FOR NONPERMANENT STRUCTURES.

Continuance of nonconforming use by plaintiffs of land for purpose of holding carnivals and substitution of aluminum for canvas as siding for nonpermanent, foundationless structures, resting on tarvia pavement and into which public was not allowed was properly permitted, where the use had antedated township zoning ordinance and building code and buildings, although movable, had not been moved from lot for 3 years, and are of the same size and location.

2. JUDGMENT—APPEAL—INJUNCTION—DEATH OF ONE PLAINTIFF.

Decree granting injunction against township authorities from stopping plaintiffs' nonconforming use of premises and sub-

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Zoning § 146 *et seq.*
[2] 1 Am Jur, Abatement and Revival § 67; 3 Am Jur, Appeal and Error § 731.
[2] Change in ownership of nonconforming business or use as affecting right to continuance thereof. 9 ALR2d 1039.

stitution of aluminum for canvas siding on nonpermanent structures is not affected by death of one of the plaintiffs after filing of appeal.

Appeal from Wayne; Brennan (John V.), J. Submitted January 8, 1952. (Docket No. 4, Calendar No. 45,241.) Decided March 6, 1952.

Bill by Vic Horwitz and wife against Dearborn Township and others to restrain interference with use of real property and with completion of change in structures from canvas to aluminum. Cross bill by defendants against plaintiffs to enjoin use of metal structures. Decree for plaintiffs. Defendants appeal. Affirmed.

*Meyer Weisenfeld,* for plaintiffs.

*Jesse W. Bollinger,* for defendants.

BUTZEL, J. In the previous case of *Civic Association of Dearborn Township, District No. 3,* v. *Horowitz,* 318 Mich 333, we held that under a zoning ordinance the plaintiff therein could not enjoin the continuance of the nonconforming use of premises by defendants, plaintiffs herein, for carnival purposes, as such use had preceded the adoption of the zoning ordinance by several years.

In the instant case Horwitz and his wife, as plaintiffs, filed a bill to restrain the township authorities from stopping their use of the premises and the completion of a change of the tents or structures from canvas to aluminum. Defendants filed a cross bill to restrain the use of the structures as changed. The trial judge found there was no such material change or alteration of the structures proven and granted plaintiffs the relief sought and dismissed defendants' cross bill. He also held that the

changes or alterations were not affected by the township building code. Defendants appeal.

It was conceded on trial by the respective parties that after our former decision the plaintiffs substituted aluminum covering over the wooden frames for canvas theretofore used in certain of their structures; that under the former use, the canvas tents could be taken down and new canvas could be substituted from time to time; that a permit was refused to change the type of tents; that the area covered by the aluminum structure is the same as theretofore, no additional land being used and the location remaining the same; that the structures are movable although they have not been moved off the lot since 1948. The structures have been moved to various parts of the lot, however. There are no foundations under the structures as they continued to rest on a tarvia pavement. The lunch stand is set on a catwalk. The public does not enter any of the wood and aluminum structures.

Appellants claim that the substitution of aluminum for canvas on the structures will result in their not being removed during the cold weather. The canvas was removed and stored during the winter, except in isolated instances. There is no increased permanency in the use of aluminum as the canvas of the tents could be replaced indefinitely for the same use. No change has taken place in the scope of the use as a result of the substitution of aluminum for canvas. The testimony is uncontradicted that the type of the buildings was not changed nor their size increased by the use of aluminum instead of canvas. The fact, as appellees show, that the change was an improvement from the standpoint of appearance, fire hazard, safety, sanitation and better operation of the business as a whole, would not be considered if the structures were enlarged or materially changed, as was the case in *Austin* v. *Older,* 283 Mich

667, and *Cole* v. *City of Battle Creek,* 298 Mich 98, relied upon by appellants. We believe the instant case is ruled by *Paye* v. *City of Grosse Pointe,* 279 Mich 254, where we held that erection of a new front on a building and improving its outside appearance was permissible in a building not conforming with the zoning law that was subsequently adopted. No question of nuisance is involved in the case. Section 3.07 of the township zoning law is as follows:

"Nonconforming uses. The lawful use of premises existing at the time of the adoption of this ordinance may be continued, although such use does not conform with the provisions hereof, and such use may be continued throughout the building, provided no structural alterations or changes are made therein except those required by law or ordinance or such as may be required for safety, or such as may be necessary to secure or insure the continued advantageous use of the building during its natural life."

From all evidence adduced and above summarized, it appears that the buildings in question are at most of a semipermanent and seasonal use. They are not occupied for any permanent residential or business purposes. Appellants' sole witness conceded that the building code had not applied to the former canvas and wood structures. In all respects, the present buildings appear to differ but little from the former. And in a like manner, they are not subject to the building codes with reference to permanent structures; indeed, the witness showed considerable uncertainty as to just exactly what the buildings would be considered under the building code, at one time during the trial referring to the requirements for metal buildings and at another time the requirements for frame buildings. The claim that the structure violates the building code does not require any lengthy discussion. Appellants' sole witness testi-

fied that the building code did not apply to a structure of the semipermanent nature we find to be involved in this suit.

The decree granting relief to the appellees and dismissing the cross bill of defendants is not affected by the death of appellee Vic Horwitz, who died subsequent to the filing of this appeal.

The decree is affirmed, with costs against appellants.

NORTH, C. J., and DETHMERS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.