Hillsborough,
No. 5197.

MAURICE BOIS *& a.*

*v.*

MANCHESTER *& a.*

Argued February 4, 1964.
Decided March 31, 1964.

*Emile R. Bussiere* (by brief and orally), for the plaintiffs.

*J. Francis Roche*, city solicitor and *Booth, Wadleigh, Langdell, Starr & Peters* and *Robert F. McGinnis* (*Mr. McGinnis* orally), for R. C. Peabody Co. and Seven Twenty Union St., Inc.

WHEELER, J. The original transfer of this case was a petition for mandamus and injunction to compel the superintendent of public buildings to order the defendants R. C. Peabody Co. and Seven Twenty Union Street, Inc. to cease and desist from altering the premises at Seven Twenty Union Street. The petition further sought an injunction restraining Peabody and Union Street from altering the premises at 720 Union Street and from introducing any new business. After hearing the Court made certain findings and rulings and dismissed the petition. The findings and decree in the court below were sustained here. *Bois* v. *Manchester*, 104 N. H. 5.

In the case at bar it was agreed by counsel that it would be submitted to the Court for decision on the basis of the transcript in the original case. *Bois* v. *Manchester, supra.* The findings and rulings in the previous transfer insofar as applicable were adopted by the Court and are incorporated herein by reference. They are set forth in full in *Bois* v. *Manchester*, 104 N. H. 5, *supra.*

In summary it was found that the plaintiffs' property approximately faces the defendants' property at 720 Union Street which was being used for a nonconforming use at the time the city of Manchester enacted its zoning ordinance and established this area as an apartment-house district.

On November 30, 1953 the owners of 720 Union Street were permitted by the board of adjustment to change the use of the building from an automobile paint shop and automobile body straightening shop to a plumbing shop and plumbing supply

showroom.  In June 1959 the defendant was denied a building permit to construct an office building on the premises.

In January 1960 one of the defendants was granted a building permit to replace certain wood beams with steel beams and received permission to alter its buildings into offices in accordance with a plan on file.

As a result of these permits the building has been altered by providing office space; changing the upper part of the front of the building; increasing the window space on the front and installing partitions within by replacing wooden support beams with steel.

It was previously found that any multiplication of use of the defendants' premises does not constitute either a public or private nuisance and that the alterations made resulted in a general improvement in its appearance.

The Court then further found:

"At the time of the filing of this petition there can be no doubt that the permitted use of the building at 720 Union Street was that of a plumbing shop and plumbing show room.  The New Hampshire York Company has used the premises since April, 1957, in furtherance of its business as that of installing and providing air conditioner apparatus and equipment.  The premises now provide quarters for a business designated as Granite State Alarm, Inc., and also for a firm engaged in a telephone answering service."

On the present transfer in addition to adopting the foregoing findings where applicable the Court made certain other findings that the building superintendent had never certified on any building permit that the premises at 720 Union Street could be used for any use other than a plumbing shop and supply room.  It further found that the additional use of the building in question has increased traffic considerably in the surrounding neighborhood and has created a parking problem, but that the use being made is not more objectionable or detrimental to the neighborhood than the prior nonconforming uses.

At the request of the defendants the Court further found that the present use of the building by defendants is permissive under section 9 of the zoning ordinances as a nonconforming use and that the plaintiffs had not satisfied the burden of proof imposed on them under RSA 31:78.

The basic contention of the plaintiffs is that the multiplication of uses made by the defendants is a violation of the zoning ordinance since the use as a plumbing shop permitted by the board

of adjustment in 1953 is still in effect. That since then additional uses have been added until there are now four. It is argued that these additional uses fall within the scope of section 14(1) of the ordinances and are illegal because never permitted by the board of adjustment and no certificate has been issued by the building superintendent under section 13.

Section 9 of the zoning ordinance provides in part: "Any lawful use of a building or premises or part thereof existing at the time of the adoption of this ordinance may be continued, although such use does not conform with the above provisions hereof. In the case of an existing building or part thereof designed and intended for a nonconforming use, such use in a part thereof may be extended throughout the building or part thereof so designed and intended or changed to any use permitted in a district where such non-conforming use would be permitted and not more objectionable or detrimental to the neighborhood, provided no structural alterations are hereafter made therein, except those required by law, ordinance or regulation."

This section permits a nonconforming use in an existing building to be extended throughout the building or part thereof or "*changed to any use permitted in a district where such nonconforming use would be permitted and not more objectionable or detrimental to the neighborhood, provided no structural alterations are . . . made therein.*" (Emphasis supplied).

At the time of the adoption of the zoning ordinance the premises at 720 Union Street were used for an automobile body straightening shop and automobile paint shop. Such use is permitted in a commercial district (section 7) and in an unrestricted district under section 8.

The Court found that the uses now made are permissive under section 9 and resulted in a general improvement in appearance and are "not more objectionable or detrimental to the neighborhood . . . . "

We conclude therefore that the uses now made are permitted by section 9 and that the alterations did not constitute "structural alterations" forbidden by this section. 87 A.L.R. 2d 4, 74; *Paye* v. *Grosse Pointe*, 279 Mich. 254; *Ricciardi* v. *Los Angeles County*, 115 Cal. App. 2d 569. Although a certificate of occupancy should have been issued, since the use being made was permitted by the ordinance, the absence of a certificate under section 13 was not fatal.

While on the basis of the evidence other findings might have

been made, two Justices of the court below, after hearing and aided by a view of the premises, have found as a fact that the alterations and uses of the premises by the defendants did not violate the Manchester zoning ordinance. On the evidence we cannot say that this was error.

*Exceptions overruled.*

All concurred.