CITY OF BLOOMFIELD HILLS v GARGARO

Docket No. 104557. Submitted March 9, 1989 at Lansing. Decided July 6, 1989.

Carol and Robert Gargaro, at a cost of $5,768 and without obtaining a building permit, installed a satellite dish antenna on the rooftop of their home in the City of Bloomfield Hills sometime in October or November of 1984. At that time, a Bloomfield Hills zoning ordinance required that a building permit be obtained from the city's building inspector for nonstructural alterations to a building when the alterations exceed $500 in cost. Additionally, the ordinance provided for height limitations on rooftop equipment. The antenna became a matter of controversy between the Gargaros and the Bloomfield Hills Planning Commission. The commission approved continued use of the antenna on condition that a screen be installed around the antenna. The cost of screening has been estimated at $12,877.27. When the Gargaros failed to install a screen, the City of Bloomfield Hills brought an action in Oakland Circuit Court, seeking to have the Gargaros remove the antenna or install a screen. The trial court, James S. Thorburn, J., granted summary disposition in favor of plaintiff, concluding that defendants' failure to obtain a building permit precluded nonconforming use status and that the antenna had to be screened in accordance with the ordinance. Defendants appealed.

The Court of Appeals *held:*

1. The trial court did not err in finding that defendants failed to comply with the ordinance's building-permit requirement and that, due to such failure, the antenna was precluded from nonconforming use status.

2. A Federal Communications Commission rule, 47 CFR 25.104, provides that state and local zoning or other regulations that differentiate between satellite receive-only antennas, such as the one involved in the case, and other types of antenna facilities are preempted unless such regulations (a) have a

REFERENCES

Am Jur 2d, Zoning and Planning §§ 11, 176, 178-180.

Application of zoning regulation to radio or television facilities. 81 ALR3d 1086.

reasonable and clearly defined health, safety or aesthetic objective and (b) do not operate to impose unreasonable limitations on, or prevent, reception of satellite delivered signals by receive-only antennas or to impose costs on the users of such antennas that are excessive in light of the purchase and installation cost of the equipment. Here, plaintiff's ordinance, as amended following the promulgation of the federal rule, satisfies subsection (a) since it has reasonable and clearly defined safety and aesthetic objectives. However, it is not clear whether the ordinance's antenna height and width limitations unreasonably limit or prevent reception of satellite signals or whether the costs for the screen required in this case are excessive. Thus, a question remains regarding whether plaintiff's ordinance satisfies subsection (b) so as not to be preempted by federal law.

Reversed and remanded for further proceedings.

1. ZONING — SATELLITE DISH ANTENNAS — NONCONFORMING USE — FAILURE TO OBTAIN BUILDING PERMIT.

Failure by homeowners to obtain a building permit required by local ordinance prior to the installation of a rooftop satellite dish antenna may preclude the homeowners from obtaining approval of the antenna as a nonconforming use where the antenna fails to meet the ordinance's requirements regarding such antennas.

2. ZONING — SATELLITE DISH ANTENNAS — FEDERAL PREEMPTION OF STATE AND LOCAL ZONING REGULATIONS.

State and local zoning or other regulations that differentiate between satellite receive-only antennas and other types of antenna facilities are preempted by federal regulation unless such state and local regulations (a) have a reasonable and clearly defined health, safety or aesthetic objective and (b) do not operate to impose unreasonable limitations on, or prevent, reception of satellite delivered signals by receive-only antennas or to impose costs on the users of such antennas that are excessive in light of the purchase and installation cost of the equipment (47 CFR 25.104).

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *William P. Hampton* and *Gerald A. Fisher*), for plaintiff.

*Albert J. Lilly, Jr.,* and *Williams, Schaefer, Ruby & Williams, P.C.* (by *John W. Griffen, Jr.*), of Counsel, for defendants.

Before: Shepherd, P.J., and Cynar and Sawyer, JJ.

Per Curiam. In this zoning ordinance case, defendants appeal as of right from the trial court's October 16, 1987, order granting plaintiff's motion for summary disposition.

Between October 25, 1984, and November 12, 1984, defendants installed a rooftop satellite reception antenna on their Bloomfield Hills home, at a cost of $5,768, without having first acquired a building permit. At that time, Bloomfield Hills Zoning Ordinance 188, § 1702.2 provided in part:

> No building or structure within the City of Bloomfield Hills shall hereafter be erected, moved, repaired, altered or razed, nor shall any work be started on such building to be erected, moved, repaired, altered or razed, until a building permit shall have been obtained from the Building Inspector, nor shall any change made in the use of a building or land without a building permit having been obtained from the Building Inspector, except that no building permit shall be required for nonstructural alterations costing less than five hundred dollars ($500.00).

Additionally, § 1500(7) of the ordinance provided for height limitations on rooftop equipment.

In March, 1985, plaintiff's city manager and building inspector, Robert Stadler, informed defendants of the building permit requirement. In April, 1985, Stadler informed defendants of the need for plan approval.

On April 25, 1985, plaintiff's zoning board of appeals was approached in this matter and denied defendants permission to leave the antenna on their roof. Defendants maintain that the meeting with the appeal board was merely informational and was not a formal agenda meeting. Defendants

further assert that the appeal board was attempting to enforce terms that did not appear in the ordinance.

On May 14, 1985, zoning ordinance 188, § 1500(7) was amended and granted the Bloomfield Hills Planning Commission the powers that formerly resided with the appeal board. On August 13, 1985, drawings which had been approved by defendants' subdivision association, and which portrayed the satellite antenna surrounded by screening, were presented to the planning commission. The planning commission approved the plans. Thereafter, defendants contended that the drawings had been submitted to the planning commission not for approval, but to demonstrate the aesthetic undesirability of the screening. Defendants further asserted that the submission of the drawings to the subdivision association had been done without their permission by unretained counsel. The cost of the screening and installation was assessed at $12,877.27. The screening has not yet been installed.

On January 10, 1986, plaintiff filed a complaint in Oakland Circuit Court, seeking to have defendants remove the antenna or install the approved screening. Defendants responded by alleging the inapplicability of the zoning ordinances, laches, and violation of the First, Fifth, and Fourteenth Amendments.

On February 14, 1986, the Federal Communications Commission adopted 47 CFR 25.104 regarding the preemption of local zoning regulations of receive-only satellite earth stations. In response, plaintiff's zoning ordinance 188 was amended by ordinance 203 on July 8, 1986. On March 5, 1987, an amended complaint reflecting the ordinance amendment was filed by plaintiff. The trial court order granting leave to amend also remanded this

matter to the planning commission to "ascertain whether and the extent to which the Defendants' installation of the reception antenna conforms with ordinance 188 as amended by ordinance 203."

At the December 9, 1986, hearing, defendants conceded that the satellite antenna did not comply with the height and width requirements of ordinance 203. The planning commission then denied defendants permission to leave the antenna installed without the screening.

Thereafter, both parties moved for summary disposition. The trial court entered an order granting plaintiff's motion for summary disposition. The trial court concluded that defendants' failure to apply for a building permit precluded nonconforming use status and held that defendants' antenna had to be screened in accordance with plaintiff's ordinance.

On appeal, defendants first argue that the trial court erred in ruling that defendants did not comply with mandatory provisions of plaintiff's ordinance 188 such that defendants' satellite antenna was precluded from nonconforming use status. Defendants maintain that at no time prior to the installation of their antenna did plaintiff require issuance of a building permit for installation of television antennas. We disagree.

At the time of defendants' installation of the satellite antenna, zoning ordinance 188, § 1702.2 provided in relevant part:

> No building or structure within the City of Bloomfield Hills shall hereafter be erected, moved, repaired, altered or razed, nor shall any work be started on such building to be erected, moved, repaired, altered or razed, until a building permit shall have been obtained from the Building Inspector, nor shall any change made in the use of a building or land without a building permit having

been obtained from the Building Inspector, except that no building permit shall be required for nonstructural alterations costing less than five hundred dollars ($500.00).

In the context of a zoning ordinance, a "structure" has been defined as "any production or piece of work artificially built up or composed of parts joined together in some definite manner; any construction." *Paye v City of Grosse Pointe,* 279 Mich 254, 257; 271 NW 826 (1937); *C K Eddy & Sons v Tierney,* 276 Mich 333, 341; 267 NW 852 (1936).

In the present case, § 1702.2 unambiguously prohibited the erection or alteration of a building or structure without a building permit, except for nonstructural alterations costing less than $500. Therefore, under the facts of this case, we find that the trial court did not err in finding that defendants failed to comply with the ordinance's requirement of obtaining a building permit and that, due to such failure, defendants' satellite antenna was precluded from nonconforming use status.

Defendants next argue that the trial court erred in interpreting § 1500(7) of ordinance 188 to require approval by the planning commission and screening of the satellite reception antenna. We disagree. Section 1500(7)(d) contemplates the regulation and requirement of screening for roof-mounted satellite antennas. Based upon our review of the record, we find that § 1500(7) was properly interpreted to apply to defendants' satellite reception antenna.

Defendants next argue that plaintiff's zoning ordinances governing size, location, and appearance of satellite dish antennas are preempted by FCC regulation.

47 CFR 25.104 provides in relevant part:

> State and local zoning or other regulations that differentiate between satellite receive-only antennas and other types of antenna facilities are preempted unless such regulations
>
> (a) Have a reasonable and clearly defined health, safety or aesthetic objective; and
>
> (b) Do not operate to impose unreasonable limitations on, or prevent, reception of satellite delivered signals by receive-only antennas or to impose costs on the users of such antennas that are excessive in light of the purchase and installation cost of the equipment.

In this case, plaintiff adopted ordinance 203 after the FCC established its regulation dealing with the preemption of state and local zoning of receive-only satellite antennas. Ordinance 203 differentiates between satellite receive-only antennas and other types of antenna facilities. Thus, plaintiff's ordinance 203 is preempted by 47 CFR 25.104 unless the ordinance complies with the two-pronged test established under subsections (a) and (b) of § 25.104.

We find that ordinance 203 complies with the first prong of the test since it has reasonable and clearly defined safety and aesthetic objectives. However, we are not satisfied that the ordinance complies with the second prong of § 25.104.

Section 3(3)(a) of ordinance 203 provides that an antenna facility shall not be larger than eight feet in height or width. Defendants' satellite dish is ten feet wide. Defendants submitted evidence that, in the Northeastern United States and Michigan, satellite dishes must generally be between ten to twelve feet in diameter to receive usable satellite signals. Pursuant to subsection (b) of § 25.104, a local zoning regulation is preempted unless it does not operate to impose unreasonable limitations on, or prevent, reception of satellite delivered signals

by receive-only antennas. We find that the trial court improperly granted summary disposition to plaintiff since a question of fact remains as to whether plaintiff's ordinance unreasonably limits or prevents reception of satellite signals by not allowing satellite dishes wider than eight feet. However, we do not have a sufficient record before us to find that plaintiff's ordinance should be preempted because of this width limitation. Accordingly, we remand to the trial court for a determination as to whether the ordinance's limit on the width of an antenna facility imposes unreasonable limitations on, or prevents, reception of satellite signals by receive-only antennas. Additionally, the trial court should determine whether the ordinance's provision that no part of the antenna facility shall extend higher than three feet above the ridge or peak of the roof will unreasonably limit or prevent reception of satellite signals in this case.

Subsection (b) of § 25.104 further provides for preemption of local zoning regulations unless such regulations do not impose costs on the users of satellite receive-only antennas that are "excessive in light of the purchase and installation cost of the equipment." In this case, defendants spent $5,768 to purchase and install their satellite antenna. The estimated cost for the materials and installation of the screening required by plaintiff is approximately $12,877.27. The trial court determined that defendants' antenna had to be screened in accordance with plaintiff's ordinance. However, the trial court made no factual findings as to whether the costs for the screening are excessive in light of the purchase and installation cost of the satellite equipment. Also, the trial court did not consider whether the screening would impose unreasonable limitations on the reception of satellite

delivered signals. Therefore, we reverse that portion of the trial court's October 16, 1987, order that required defendants to screen their satellite reception facility in accordance with the plans approved by plaintiff. On remand, the trial court shall consider, and make findings of fact, as to whether the costs of the screening are excessive in light of the cost of the satellite equipment and whether or not the screening will impose unreasonable limitations on, or prevent, the reception of satellite delivered signals.

Reversed and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.