COLE v. CITY OF BATTLE CREEK.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE.
    Propriety of procedure adopted in trial court in determining
    matters raised by petition for declaratory judgment as to
    rights under zoning ordinance as though on petition for man-
    damus and then making finding entitled "declaratory judg-
    ment" is not passed upon where not urged by appellant nor
    argued in the briefs (3 Comp. Laws 1929, § 13903).

2. MUNICIPAL CORPORATIONS—ZONING ORDINANCE—STRUCTURAL AL-
    TERATIONS OF BUILDINGS DEVOTED TO NONCONFORMING USE.
    Under provisions of zoning ordinance relating to structural
    alterations of buildings presently used for a nonconforming
    use, the test as to whether or not the alterations should be
    permitted is whether the existing nonconforming use is ex-
    tended and the life of the existing nonconforming building
    prolonged, the fact that other nonconforming buildings would
    be demolished and the area devoted to a nonconforming use
    lessened being immaterial.

3. SAME—GRADUAL ELIMINATION OF NONCONFORMING USE.
    The provision of a zoning ordinance permitting the continuation
    of a nonconforming use is designed to avoid the imposition of
    hardship upon the owner of property, but the limitations upon
    such use contemplate the gradual elimination of the noncon-
    forming use and do not permit the erection of new non-
    conforming buildings or additions to existing nonconforming
    buildings.

4. SAME—ZONING ORDINANCE—GREENHOUSE—STRUCTURAL ALTERA-
    TIONS—NONCONFORMING USE.
    Under provisions of city zoning ordinance prohibiting structural
    alterations of buildings devoted to nonconforming uses where
    alterations contemplated would unduly prolong the existence
    of the use, court's holding that building permit should issue
    to owner of greenhouse and appurtenant buildings occupying
    a city block in a residential zone to enable him to make ad-
    ditions and alterations to buildings on portion of area of a
    more permanent nature than existing structures was error
    notwithstanding area proposed to be devoted to such non-
    conforming use was less than half that presently so used.

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE.
    Constitutional questions will not be passed upon where other ques-
       tions are raised which dispose of the case.

Appeal from Calhoun; Hatch (Blaine W.), J.
Submitted April 16, 1941.   (Docket No. 82, Calen-
dar No. 41,525.)   Decided June 2, 1941.

Petition by Walter B. Cole against City of Battle
Creek for declaratory judgment as to city zoning
ordinance.   Judgment for plaintiff.   Defendant ap-
peals.   Reversed and remanded for entry of judg-
ment in accordance with opinion.

*N. A. Cobb* (*Roger H. Nielsen,* of counsel), for
plaintiff.

*Walter P. North,* for defendant.

BUSHNELL, J.   Plaintiff Walter B. Cole filed a
petition for declaratory judgment under 3 Comp.
Laws 1929, § 13903 (Stat. Ann. § 27.501), seeking
a declaration of his rights under the zoning ordi-
nance of Battle Creek.   Defendant city of Battle
Creek moved to dismiss the petition for want of
jurisdiction, claiming that the issue raised was de-
terminable only in a law action by mandamus.   The
court treated the petition as one for a writ of manda-
mus and yet made a finding entitled, ''Declaratory
Judgment.''   It is unnecessary to pass upon the
propriety of this sort of procedure because that
question is not urged by the appellant or argued in
the briefs.   See, however, *Central High School
Athletic Association* v. *City of Grand Rapids,* 274
Mich. 147.   The court held that the refusal of the
zoning board of appeals to grant plaintiff's applica-
tion for a building permit was unreasonable, un-
warranted, and contrary to the express terms of the
zoning ordinance.

The property involved in this litigation is a greenhouse and appurtenant buildings which occupy part of a city block owned by plaintiff. This block is bounded on the south by Wendell street, on the north by Sherman road, on the west by Chestnut street, and on the east by Orchard place. An east and west alley divides the block and separates plaintiff's main building, located on lots facing Wendell street, from other greenhouse units located across the alley on the Sherman road lots. The latter are used largely for growing purposes rather than as a place where customers can call to make retail purchases. The Wendell street unit consists of a center building 24 feet in width, with a potting room in the rear which extends into the alley. Greenhouse wings extend east and west from this middle section, that on the east being 112 feet long and that on the west being 75 feet long.

Plaintiff proposes to tear down the Sherman road greenhouses and an old barn on the rear of the Wendell street property, cut 32 feet off the east end of the east wings of the main building, remove a part of the potting room which now encroaches on the public alley, and build two new wings on the Wendell street building. These new wings are to be erected in front of the existing wings and nearer Wendell street. The proposed new west wing is to be 75 feet long, the same length as the present west wings; the proposed new east wing is to be 80 feet long. Plaintiff desires to remodel and modernize the front end of the center section of the Wendell street building so that, after these alterations have been completed, the remodeled building will have a continuous frontage of 179 feet flush with Wendell street, with plateglass show windows and a new main entrance. He intends to use some of the glass, cypress rafters, cast iron gutters, and other structural members from the Sherman road units in the erection of

the new wings on Wendell street, which are to be set on steel posts and cement foundations. The demolition of the Sherman road units will release that entire frontage for residential building sites, and the cutting off of 32 feet from the east end of the three existing east wings on the Wendell street building will release one of the Wendell street lots for building purposes.

Plaintiff's application was denied by the building inspector of Battle Creek, and the zoning board of appeals, after a hearing, also denied the application on the ground that the board was "of the opinion that the construction of said buildings on the above premises (which is located in 'A' residence district) would unduly prolong the life of the nonconforming use now existing on the premises." Plaintiff then instituted this proceeding in the circuit court.

The trial judge held that Cole was entitled to a building permit under the provisions of the second paragraph of section 7 of the Battle Creek zoning ordinance. The court also held that plaintiff's application did not come within the provisions of paragraph 3 of section 7 of the ordinance, but nevertheless held this paragraph unconstitutional.

Plaintiff's property is located in residence district "A" and is a nonconforming use within the meaning and terms of the zoning ordinance. Section 7 of the ordinance deals with nonconforming uses and reads in part as follows:

"SEC. 7.—Nonconforming uses. The lawful use of a premises existing at the time of adoption of this ordinance may be continued, although such use does not conform to the provisions hereof, but if such nonconforming use is discontinued, the future use of said premises shall be in conformity with the provisions of this ordinance.

"The lawful use of a building existing at the time of the adoption of this ordinance may be continued, although such use does not conform to the provisions hereof, and such use may be extended throughout the building provided no structural alterations are made therein, except those required by law or ordinance or such as may be required for safety, or such as may be necessary to secure or insure the continued advantageous use of the building during its natural life or the erection to its full height as originally planned of a building with foundations and structural members designed to carry a higher building.

"The expansion of a nonconforming use, not exceeding one hundred per cent. of the original existing use, at the time of the passage of this ordinance, may be permitted subject to lawful regulations, now or hereinafter enacted, where the result will not in the opinion of the board of appeals unduly prolong the existence of the use, provided such expansion shall be only on property owned at the time of the passage of this ordinance and immediately adjoining or separated only by one alley and in the same 'use district.'"

The ordinance defines "structural alterations" as:

"Any change in the supporting members of a building, such as bearing walls, columns, beams or girders, excepting such alterations as may be required for the safety of the building."

Paragraph 2 of section 7 permits the continuation of the nonconforming use of an existing building and the extension thereof throughout the building, "provided no structural alterations are made therein," et cetera. The language of this paragraph, in the light of the definition and other language of the ordinance, requires the conclusion that the structural alterations permitted are limited to

those made in existing buildings. There is no language in this paragraph which permits the erection of new nonconforming buildings or additions to existing nonconforming buildings.

The trial court applied as the test of increase or decrease of nonconforming use a computation of the amount of square feet released. He deducted the area of the demolished units from that which would remain after the additions would be completed and concluded that the net result would be a decrease in the nonconforming use. The proper test is whether an existing nonconforming use is extended and the life of the existing nonconforming building prolonged. That other nonconforming buildings are to be demolished is beside the point. There can be no doubt that, if the building permit is issued, it would permit the erection of additions to the main Wendell street building. Plaintiff testified that this would prolong the life of the present wings of the main building. Cole's own description of the means to be employed indicate that these additions are to be new and of a more permanent nature than those already in use.

As used in this ordinance, the word "alteration" means a change in that which already exists, for it is impossible to alter that which does not exist. If plaintiff merely wanted to install a new front on an existing building, such as was done in *Paye* v. *City of Grosse Pointe*, 279 Mich. 254, that might be a permissible alteration. But the erection of two new additions is not a structural alteration of an existing building. The test applied by the trial judge, *i.e.*, comparison of square feet, would permit an almost indefinite continuance of a nonconforming use by periodic rebuilding, such as the tearing down of old structures and building of new ones provided slightly less floor space was included in the rebuilt structure.

*Austin* v. *Older*, 283 Mich. 667, is almost directly in point. We there held that the structural changes and additions which Older contemplated would constitute a prohibited extension of a nonconforming use. The continuation of a nonconforming use in this zoning ordinance is designed to avoid the imposition of hardship upon the owner of property, but the limitations upon such use contemplate the gradual elimination of the nonconforming use.

Plaintiff's petition contemplates structural alterations in and additions to the Wendell street building which are not permitted by the terms of paragraph 2 of section 7 of the ordinance.

The court erred in holding that a building permit should issue.

In holding paragraph 3 of section 7 inapplicable, the court said plaintiff's "application does not seek or request an expansion of a nonconforming use." Nevertheless the court held this paragraph unconstitutional. We do not consider that the question of the constitutionality of paragraph 3 of section 7 of the ordinance is involved in this case. In *Township of Warren* v. *Raymond*, 291 Mich. 426, we said:

"This court has repeatedly held that constitutional questions will not be passed upon where other questions are raised which dispose of the case. *Smith* v. *Curran*, 267 Mich. 413 (94 A. L. R. 766); *Stewart* v. *Algonac Savings Bank*, 263 Mich. 272; *Brown* v. *Hill*, 216 Mich. 520; *North Michigan Water Co.* v. *City of Escanaba*, 199 Mich. 286; *People* v. *Quider*, 172 Mich. 280, and authorities therein cited."

The judgment entered in the trial court is vacated and the cause is remanded for the entry of an order in accordance with this opinion. Costs to appellant.

Sharpe, C. J., and Boyles, Chandler, Wiest, and Butzel, JJ., concurred. North, J., did not sit. McAllister, J., took no part in this decision.