# Selligman et al. v. Von Allmen Bros., Inc.

March 24, 1944.

Hal O. Williams, T. A. Luman and Lawrence S. Poston for appellants.

Dodd & Dodd for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

This appeal is from a judgment of the Jefferson Circuit Court wherein it was held that the Board of Adjustment and Appeals erred in refusing to grant the application of appellee to construct new walls for its dairy plant. The judgment directed the Louisville and Jefferson County Board of Zoning Adjustment and Appeals and the Building Inspector of the city to grant a building permit to appellee to complete and use the walls it was erecting at its plant and to put a new roof on part thereof.

Section 3037h-111 et seq., KS (repealed in 1942, reenacted and now KRS 100.010 et seq.) authorizes cities of the first class to create zoning and planning commissions and to create a Board of Adjustment and Appeals to make variations and interpretations of the general zoning law to prevent unwarranted hardship and injustice. The City of Louisville passed an ordinance zoning the city and creating a Board of Adjustment and Appeals as provided in the statutes.

Appellee has owned a milk plant at 801 South Thirty-Seventh Street since 1900 wherein milk is received, pasteurized and bottled. When the city was zoned this plant fell into "A" which is a one-family residential district from which is excluded commercial use of property located therein. Sections 10 and 20 which ameliorated the effect of the ordinance read:

"Section 10. The lawful use of the building existing at the time of the passage of this ordinance may be continued, although such use does not conform with the provisions hereof, and such use may be extended throughout the building provided no structural alterations, except those required by law or ordinance, are made therein."

"Section 20. The Board of Adjustment and Appeals of Louisville may in case where it is exceptionally difficult if not impossible to comply with the exact provisions of this ordinance make such variation as will prevent unwarranted hardship or injustice and at the same time most nearly accomplish the purpose and intent of the regulations of this ordinance."

On three inspections made of the plant in May, June and July of 1942 by the Bureau of Milk Control of Jefferson County, reports were made that the inside walls and ceiling of the bottle-washing room were in need of repair. As the roof was leaking and soiling the ceiling and walls of this room, appellee obtained a permit from the Building Inspector reading: "Repair by putting on roof (frame) composition roof." There is some evidence in the record that when a new roof was attempted to be put on the bottling-room and adjacent parts of the plant, the frame walls were so old and decayed that they would not support the new roof. Thereupon appellee without obtaining an additional building permit, erected in the place of the old wooden walls brick ones. When these new brick walls were about 90% completed the Building Inspector at the direction of the Zoning Commission stopped the work and refused to grant appellee a building permit because the new brick walls amounted to a structural alteration of a non-conforming building in the zoning district. On an appeal to the Board of Adjustment and Appeals the ruling of the Zoning Commission was upheld and permission was denied appellee to complete the walls and the Board refused to grant it a variation.

Thereupon this action was instituted by appellee in the Jefferson Circuit Court against the members of the Louisville and Jefferson County Board of Zoning Adjustment and Appeals and the members of the Board of Adjustment and Appeals, and the Building Inspector of the City of Louisville, asking a review and that the Board be required to grant it a building permit and a variation from the zoning ordinance so that its walls might be completed and a roof put on. The court granted the relief asked and this appeal followed.

The questions before us for decision are: (a) When wooden walls decay and are replaced by brick walls, is a structural alteration made in the building in view of Sec. 10 of the ordinance? (b) Did the Board of Adjust-

ment and Appeals in refusing to make variation in appellee's favor act arbitrarily and unreasonably and abuse its discretion?

Zoning ordinances such as the one before us are passed under the police power vested in the State Legislature which may grant it to the legislative branch of a municipal corporation for the protection of the health, morals, safety and general welfare of the people. It is only where such ordinances are related in some way to the health, safety, morals and general welfare that they are valid. Fowler v. Obier, 224 Ky. 742, 7 S. W. (2d) 219; Smith v. Selligman, 270 Ky. 69, 109 S. W. (2d) 14; Bosworth v. City of Lexington, 277 Ky. 90, 125 S. W. (2d) 995; Village of Euclid v. Ambler Realty Co., 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016. The complexity of urban life accompanied by the human desire for improvement, comfort, convenience and the advancement of the general public, brought about the enactment of zoning laws.

The theory of zoning is to foster improvement by confining certain classes of buildings and uses to certain localities without imposing undue hardship upon the property owners. The present use of a non-conforming building may be continued but it cannot be increased nor can it be extended indefinitely if zoning is to accomplish anything. It is customary for zoning ordinances to provide that the life of non-conforming buildings cannot be increased by structural alterations and when a change is made by the owner in the building, he must make it conform to the ordinance. Ordinarily, a Board of Adjustments and Appeals is created with authority to grant variations which will prevent unwarranted hardship or injustice and at the same time most nearly accomplish the purpose of the ordinance.

Appellant insists that when appellee replaced certain exterior decayed wooden walls of its plant with brick walls it violated Sec. 10 of the ordinance forbidding structural alterations except those required by law. The Milk Inspector testified that the walls and ceiling of the bottle-washing room could be made to comply with his requirements by finishing them with light painted wood, tile, cement plaster, or other equivalent material with a washable light-colored surface. So it is seen that here we have no demand made by the Health Department of the city which the zoning ordinance pre-

vents the owner from executing as existed in A. L. Carrithers & Son v. City of Louisville, 250 Ky. 462, 63 S. W. (2d) 493. It would not have been difficult for appellee to have made his plant comply with the milk requirement of the Health Department without replacing the wooden exterior walls of his plant with brick, thereby converting it into a new and different structure.

It is not easy to define "structural alteration" as the term is elastic. In 2 Am. Jur. Sec. 1, p. 596, it is said that an "alteration," in the ordinary acceptance of the word, is "a change of a thing from one form or state to another, that is making a thing different from what it was, without destroying its identity." As relating to buildings it means "a varying or changing the form or nature of such building without destroying its identity." 3 C. J. S., Alteration, p. 899. In 60 C. J. p. 665, "structural" is defined as "of or pertaining to structure or a structure." The same text on the same page defines "structural alterations" as "such alteration as would change the physical structure of a building." In the next paragraph that text says a "structural change" as applied to a building "is said to mean such a change as to effect a vital and substantial portion of the premises; as would change its characteristic appearance; * * * or a change of such a nature as would affect the very realty itself, extraordinary in scope and effect, or unusual in expenditure."

In the Carrithers case, 250 Ky. 462, 63 S. W. (2d) 493, 497, we said " 'Structural alterations' intended to be prohibited by the zoning ordinance are the changing an old building in such a way as to convert it into a new or substantially different structure." Other cases bearing on what amounts to structural alterations which we think are in line with what has just been quoted are Klumpp v. Rhoads, 362 Ill. 412, 200 N. E. 153; Kinston Cotton Mills v. Liability Assur, Corp., 161 N. C. 562, 77 S. E. 682; Paye v. City of Grosse Pointe, 279 Mich. 254, 271 N. W. 826; Earle v. Shackleford, 177 Ark. 291, 6 S. W. (2d) 294; Plaza Amusement Co. v. Rothenberg, 159 Miss. 800, 131 So. 350; United States Fidelity & Guaranty Co. v. Southland Life Ins. Co., 5 Cir., 22 F. (2d) 731; 440 East 102nd Street Corp. v. Murdock, 285 N. Y. 298, 34 N. E. (2d) 329.

The whole purpose of this zoning ordinance would be defeated if the owner is permitted to substitute per-

manent brick walls for rotted exterior wooden walls as this would extend or prolong indefinitely the life of the non-conforming building. Cole v. City of Battle Creek, 298 Mich. 98, 298 N. W. 466. This does not mean that the owner is forbidden to make reasonable and ordinary repairs to prevent his building from becoming unsightly, rundown or dilapidated.

Appellee insists that the action of the Board of Adjustment and Appeals in refusing to make a variation in its favor under sec. 20 of the ordinance caused it to suffer an unwarranted hardship and a great injustice as it had already torn down the wooden walls and had completed all except about 10% of the new brick walls.

But appellee created the situation which it now complains is working the hardship in that it razed the frame walls and started replacing them with brick under a permit which allowed it only to repair the roof. It should have sought a variation from the Board and a permit from the Building Inspector before commencing this work. One cannot proceed in the face of building restrictions or of zoning laws and then complain that a great hardship is being imposed upon him when not allowed to complete the work. Otherwise, but few such laws could be enforced.

Whether or not the Board should grant a variation rests within the sound discretion of that body and its decision will not be disturbed by the courts unless it is apparent its action was arbitrary and unreasonable. Fowler v. Obier, 224 Ky. 742, 7 S. W. (2d) 219; Selligman v. Western & Southern Life Ins. Co., 277 Ky. 551, 126 S. W. (2d) 419, 424. We cannot say from the record before us that the Board abused its discretion in refusing to make a variation in favor of appellee.

Due to the fact that we have interpreted Sec. 10 of the ordinance to mean that the owner can make no structural alteration in the building which will indefinitely prolong its life, the question arises whether or not this amounts to a taking of property in violation of the Fourteenth Amendment of the Federal Constitution. This question was definitely determined in Village of Euclid v. Amber Realty Co., 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1030. It was there held that a zoning ordinance which was not created arbitrarily and unreasonably and had some substantial relation to the public health, safety, morals and general welfare did not

violate the Fourteenth Amendment, although the value of certain unimproved real estate was reduced 25% by reason of being restricted to residential property and manufacturing concerns were excluded from the restricted area. If the police power acting through a proper zoning ordinance may deprive the owner of the valuable use of unimproved real estate without making compensation, there is no reason why it may not deprive him of the use of a building or improved property without making compensation. American Wood Products Co. v. City of Minneapolis, D. C., 21 F. (2d) 440; State v. Jacoby, 168 La. 752, 123 So. 314. See annotations 64 A. L. R. 920.

What is here said in no wise conflicts with our opinion in Darlington v. City of Frankfort, 282 Ky. 778, 140 S. W. (2d) 392. There the property had been purchased and the construction started before the zoning ordinance was passed and we held it was not affected by the ordinance.

The judgment is reversed for proceedings consistent with this opinion.

Whole Court sitting.

Judge Tilford dissenting.