## Goodrich et al. v. Selligman et al.

Oct. 31, 1944.

864

Milliken & Handmaker for appellants.

Grover G. Sales, Lawrence S. Poston, and Lawrence G. Duncan for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellants, Alex Goodrich, Belle Shoulders and Louis Butterweck, are the owners of real estate situated on the west side of south Third street between Lee and Gaulbert streets in Louisville, Kentucky. For many years prior to 1941 the appellee, General Outdoor Advertising Company, had maintained on five vacant lots on the west side of south Third street between Lee and Gaulbert streets three billboards used for advertising purposes. The zoning ordinance of the city of Louisville adopted in 1931 after the erection of these signs or billboards designated the territory on the west side of south Third street between Lee and Gaulbert streets as a Class "D" Apartment District. All advertising signs were prohibited except name plates not exceeding 1 square foot in area and signs not exceeding 12 square feet in area appertaining to the lease, hire or sale of a building or premises were permitted. The zoning ordinance contained these provisions:

"The lawful use of land existing at the time of the passage of this ordinance, although such use does not conform to the provisions hereof, may be continued, but if such non-conforming use is discontinued, any future use of said premises shall be in conformity with the provisions of this ordinance.

"The lawful use of the building existing at the time of the passage of this ordinance may be continued, although such use does not conform with the provisions hereof, and such use may be extended throughout the building provided no structural alterations, except those required by law or ordinance, are made therein. If no structural alterations are made, a non-conforming use of a building may be changed to another non-conforming use of the same or more restricted classification. If such non-conforming building is removed, every future use of such premises shall be in conformity with the provisions of this ordinance."

In 1941 the General Outdoor Advertising Company applied to the building inspector of the city of Louisville for a permit to erect on the five lots on south Third street four new advertising billboards to replace the boards theretofore erected on the lots. The permit was granted on October 24, 1941, and the General Outdoor Advertising Company immediately removed the old billboards, which totaled 127 lineal feet, and replaced them with four new billboards totaling 100 lineal feet. The middle section of the new boards was moved forward about 5 feet.

The application made by the General Outdoor Advertising Company was for a general permit to erect new boards, and after the application was filed with the building inspector the words "for general repairs" were indorsed across the face of the application, but it appears that this was done without the knowledge or consent of the applicant. On October 27, 1941, a protest and objection in writing was filed by the Louisville Poster Advertising Company with the building inspector of the city of Louisville to the issuance of a building permit to the General Outdoor Advertising Company. An appeal from the action of the building inspector was taken to the Board of Adjustment and Appeals, which set the appeal for hearing on November 5, 1941. The three appellants appeared and testified at that hearing. They objected to the action of the building inspector in issuing the permit, and asked that the Board of Adjustment and Appeals revoke the permit and require the General Outdoor Advertising Company to remove the boards from the property. On November 6, 1941, the Board of Adjustment and Appeals adopted the following resolution:

"Whereas, from the evidence presented it was apparent that the General Outdoor Adv. Co. had exceeded the permit as granted by the Building Inspector and that the General Outdoor Adv. Co. shall be required to move the present boards back to the same location as occupied by the former boards, and

"Resolved: That the appeal be and is hereby granted but that this decision does not establish any precedent whereby old billboards can be entirely replaced with new boards at one time."

The appellants then filed this action in the Jefferson

circuit court pursuant to the provisions of section 3037h-122, Carroll's Kentucky Statutes, 1936 Edition, which authorizes any person or persons aggrieved by any decision of the Board of Adjustment and Appeals to present to the circuit court of the county a petition setting forth that such decision is illegal, in whole or in part, and specifying the grounds of the illegality. Upon the presentation of such petition the court may allow a writ of certiorari directed to the Board of Adjustment and Appeals to review its decision. The writ of certiorari was allowed, and a certified copy of the record made before the Board of Adjustment and Appeals was transmitted to the circuit court. The members of the Board of Adjustment and Appeals filed an aswer denying that the plaintiffs were aggrieved by the board's decision or that its decision was illegal. Later the members of the board and the city of Louisville filed a joint answer in which they admitted that all the material allegations of the petition were true and asked that the permit theretofore granted to the General Outdoor Advertising Company by the building inspector be revoked. On a final hearing the chancellor entered a judgment dismissing the petition, and this appeal is prosecuted from that judgment.

It is argued in behalf of the appellee, the General Outdoor Advertising Company, that its special demurrer to the petition should have been sustained because the protest and objection with the building inspector and the appeal from his action to the Board of Adjustment and Appeals were made by the Louisville Poster Advertising Company, which owned no property in the neighborhood. Whether or not the Louisville Poster Advertising Company was a "person aggrieved" within the meaning of that term as used in the statute need not be determined, since appellants came into the case as soon as the appeal was filed, in effect adopted it as their own, and took charge of the proceedings. They placed their case before the Board of Adjustment and Appeals and exhausted their remedies and rights before the board, which treated them as the complaining parties. They then filed their petition in the circuit court in conformity with the statute. The Board of Adjustment and Appeals, for lack of a more accurate term, is a quasi-judicial body with limited powers, and proceedings before it are, necessarily, more or less informal. A wide latitude in the manner of presenting their respective

views should be afforded the parties before the board, and technical rules of procedure should not be too zealously enforced. We think the special demurrer was properly overruled.

The action of the building inspector in granting a permit to remove the old advertising boards and to erect new ones and the approval of his action by the Board of Adjustment and Appeals violated the express provisions of the zoning ordinance. Advertising signs or boards were expressly prohibited in the zoned territory. The use of those in existence at the time the ordinance was adopted may be continued, but no structural alterations may be made except those required or permitted by law. Section 1 of the ordinance contains this:

"For the purpose of this ordinance certain terms and words are herewith defined as follows:

"Words used in the plural number include the singular, and the singular includes the plural; the word 'building' includes the word 'structure,' and the word 'shall' is mandatory, and not directory."

Structure is defined as: "Anything constructed or erected, the use of which requires location on the ground or attached to something having a location on the ground." The billboards in question are structures, and, undoubtedly, fall within the provisions of the ordinance.

The appellee tore down the old structures and erected entirely new ones. This was not a variance such as the zoning board is authorized to make but was a radical departure not only from the general policy of the zoning ordinance but from its express terms, and was wholly beyond the power of the board. In Selligman v. Von Allmen Bros., 297 Ky. 121, 179 S. W. 2d 207, 209, this same zoning ordinance of the city of Louisville was before us for construction, and we construed section 10 of the ordinance to mean that the owner can make no structural alteration in a non-conforming building which will indefinitely prolong its life. In the course of the opinion it was said:

"The theory of zoning is to foster improvement by confining certain classes of buildings and uses to certain localities without imposing undue hardship upon the property owners. The present use of a non-conform-

ing building may be continued but it cannot be increased nor can it be extended indefinitely if zoning is to accomplish anything. It is customary for zoning ordinances to provide that the life of non-conforming buildings cannot be increased by structural alterations and when a change is made by the owner in the building, he must make it conform to the ordinance."

The following was quoted from the opinion in A. L. Carrithers & Son v. City of Louisville, 250 Ky. 462, 63 S. W. 2d 493, 497:

" 'Structural alterations' intended to be prohibited by the zoning ordinance are the changing an old building in such a way as to convert it into a new or substantially different structure."

In the Von Allmen Bros. case the owner substituted permanent brick walls for rotted exterior wooden walls, and it was held this would extend the life of the non-conforming building and was forbidden. Here a new structure was substituted for an old one. If it is proper to do this once it will be proper to do it again and thus the life of the non-conforming structure will be indefinitely prolonged, and the whole purpose of the zoning ordinance will be defeated.

The judgment is reversed, with directions to enter a judgment in accordance with the prayer of the petition.