RENATO GIORDANO, PROSECUTOR-APPELLANT, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF DUMONT, AND RUDOLF HARTENSTEIN, BUILDING INSPECTOR OF THE BOROUGH OF DUMONT, AND HENRY BERSCH, BOROUGH CLERK OF THE BOROUGH OF DUMONT, DEFENDANTS-RESPONDENTS.

Argued May 18, 1948—Decided September 3, 1948.

For the prosecutor-appellant, *Abram A. Lebson* (*Stanley W. Bradley,* of counsel).

For the defendants-respondents, *Walter H. Jones.*

The opinion of the court was delivered by

FREUND, J.   The appellant appeals from a judgment of the Supreme Court dismissing a writ of *certiorari* to review a revocation of a building permit issued by the building inspector of the Borough of Dumont.   The writ does not bring up the zoning ordinance, but does call for a review of the "proceedings rendered  *  *  *  by the Mayor and Council of the Borough of Dumont  *  *  *  and of the Borough

Clerk * * * and of the Building Inspector * * * with reference to the purported revocation of a building permit issued to Renato Giordano for the erection of a gasoline service station upon certain premises belonging to him located at Washington Avenue and Wood Place in said borough."

Renato Giordano in the early part of 1945 acquired title to a triangular plot of land upon which he planned to erect a gasoline service station. He applied for and on June 19th, 1945, obtained a building permit to erect a gasoline service station. The building code provided *inter alia* that "Any permits which may be issued by the Building Inspector * * * but under which no work is commenced within one year from the time of the issuance, shall expire at the end of that time * * *." For more than one year after the permit was issued, no work was done toward the erection or construction of the gasoline service station, so that under the local building code the building permit expired.

One of the streets bounding appellant's land is Washington Avenue, a main thoroughfare and a county road through Dumont. The proofs show that the neighborhood is substantially made up of one-family dwellings, several churches and two schools. At or about the location of the land in question there is a sharp curve in the road where, the proofs indicate, there had been several accidents. Undoubtedly in view of these factors, on July 8th, 1946, after the expiration of the foregoing permit, the Mayor and Council of Dumont amended the zoning ordinance so as to prohibit gasoline filling stations on both sides of Washington Avenue, including the appellant's premises.

Five months after the adoption of the zoning amendment, the appellant applied for and on December 9th, 1946, had issued to him by the then building inspector, John Colgin, a second building permit to erect a gasoline service station on the same premises. Colgin's term expired on December 31st, 1946, and a new building inspector, Rudolf Hartenstein, took office on January 1st, 1947. In April, 1947, Hartenstein became aware of the outstanding building permit issued on December 9th, 1946, and notified the Mayor and Council. Letters were addressed to the appellant by the

borough clerk and by the building inspector stating that the permit had been issued contrary to the provisions of the amended zoning ordinance and was revoked; that it had been improperly issued by Colgin who was without power to issue it and consequently it was void.

The court below held that the appellant "obtained an extension of his building permit" and appellant argues that the second permit was an extension or renewal of the first permit. The proofs do not disclose any written application for either building permit, although two permits are shown, No. 3253 issued on June 19th, 1945, and No. 3686 issued on December 9th, 1946. In the latter permit there is no mention of its being an extension or renewal of the first permit. The appellant concedes that no work had been commenced within one year from June 19th, 1945, the date of issuance of the first permit; it therefore expired by its own limitation and, having thus expired, was not susceptible of extension or renewal after its expiration. Accordingly, we do not agree that the second permit was an extension or renewal of the first permit.

The court below held "that the right to revoke an illegally issued building permit is clear." The amendment to the zoning ordinance prohibiting the erection of a gasoline filling station on the appellant's premises had been adopted five months prior to the issuance of the second permit, so that it was issued contrary to the amended zoning ordinance. It was therefore illegally issued because it authorized the construction of a building which the amended zoning ordinance prohibited. The building inspector had neither the right nor the authority to issue the second permit. Having been issued illegally, the permit was void *ab initio* and had no legal efficacy. In *Dickinson* v. *Plainfield*, 13 *N. J. Mis. R.* 260, Mr. Justice Case, now Chief Justice, said, "In the present case the permit was issued by an officer who assumed, but did not have, the requisite authority." This language was approved by this court in 116 *N. J. L.* 336. *Vide Dickinson* v. *Plainfield*, 122 *Id.* 63. Moreover, the appellant is charged with notice of the second permit's illegality as he knew or should have known of the amendment to the zoning ordinance, prohibiting a gasoline filling station on his property. Nor

did the appellant acquire any vested rights under the illegally issued permit, notwithstanding he may have acted upon it. Any expenditures made by the appellant relying upon the second permit were made at his peril. *Dickinson* v. *Plainfield, supra; Ostrowsky* v. *Newark* 102 *N. J. Eq.* 169; *Home Fuel Oil Co.* v. *Glen Rock,* 118 *N. J. L.* 340. The Supreme Court found in *Home Fuel Oil Co.* v. *Glen Rock, supra,* that the "prosecutor was notified by the building inspector that the permit had been erroneously granted, that it was revoked and that since the structure was in violation of the zoning ordinance it should be removed."

The appellant invokes the doctrine of estoppel. He asserts that the permit issued to him being valid on its face and he having acted in good faith in incurring obligations, the respondent in the absence of fraud is estopped from denying the validity of the action of the building inspector in issuing the second permit, relying upon *Freeman* v. *Hague,* 106 *N. J. L.* 137. That decision does not apply to the instant matter as it dealt with a building permit granted by a duly qualified municipal body prior to the passage of the Zoning Act, *R. S.* 40:55–1, *et seq.* Appellant also relies upon *Tim* v. *Long Branch,* 134 *Id.* 285, but fails to cite the opinion of this court on appeal, 135 *Id.* 549, which affirms the judgment below, but on other grounds. Accordingly, the reasons advanced by the appellant do not support the doctrine of estoppel.

We have carefully considered the other points argued by the appellant and are satisfied that they are without merit.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DONGES, COLIE, EASTWOOD, BURLING, JACOBS, WELLS, DILL, FREUND, SCHETTINO, JJ. 11.

*For reversal*—None.