92 So.2d 906

**BOARD OF ZONING ADJUSTMENT FOR THE CITY OF LANETT**

v.

**Eugene C. BOYKIN, Jr.**

5 Div. 650.

Supreme Court of Alabama.

Feb. 21, 1957.

506

Walker & Walker, Opelika, and R. C. Wallace, La Fayette, for appellee.

Morrow & Nix and Chas. A. Nix, Lanett, for appellant.

**SIMPSON, Justice.**

Boykin appealed to the circuit court from a decision rendered by the Board of Zoning Adjustment wherein the Board sustained a decision of the Building Inspector of the City of Lanett in refusing to grant to Boykin a building permit. The circuit court, upon a trial de novo as authorized by § 783, Title 37, Code of 1940, reversed the decision of the Board of Adjustment and entered a judgment granting a permit to Boykin. From that judgment, the Board of Adjustment brings this appeal.

The City of Lanett adopted in 1946, a zoning ordinance. The ordinance provided that any structure or use existing at the time of the enactment of the ordinance might continue even though such structure or use was not in conformity with the ordinance. (Art. 10, § 102.1.) The ordinance further provided that a nonconforming use or structure could not be extended unless the extension conformed with the regulations of the ordinance for the district in which it was located. (Art. 10, § 102.2.) Whenever a nonconforming use of any structure had been discontinued for one year, by the provisions of the ordinance, it could not be re-established or changed to any use not in conformity with the ordinance. (Art. 10, § 102.4.) The ordinance also contained a provision that no structure or part thereof could be erected or altered unless in conformity with the regulations for the district in which it is located. (Art. 10, § 101.)

On the effective date of the zoning ordinance and continuously thereafter, appellee has held title to a dwelling located in an area designated as "Residence 'A' District". The residences within such district were restricted by the zoning ordinance to that of single family dwellings. (Art. 2, § 21.1.)

In 1949, the appellee applied to one Allen, building inspector for Lanett at that time, for a building permit to refloor 50% of the floor space, re-roof 50% of the dwelling, replace and repair windows, install two additional bathrooms, install separate heating, lighting and water systems, and make three separate entrances. Allen, the building inspector, informed the appellee that it was not necessary to issue him a building permit and gave him oral permission to proceed with the repairs, which appellee endeavored from time to time to do. In July 1955, the appellee was ordered to stop work on the premises by the City of Lanett.

Appellant Board contends that the trial court was in error in finding (1) that the appellee's dwelling on the effective date of the ordinance had an established use as a multi-family dwelling, and in finding (2) that there had been no discontinuance for more than one year of the nonconforming use (if in fact one did ever exist). The appellant also urges that if the nonconforming use were established and had not

been abandoned, the repairs and alterations contemplated by appellee constitute such an extension of the nonconforming use as to be prohibited by the ordinance (§§ 101, 102.2) hence a lawful permit could not be granted appellee, and the action of the trial court in holding the appellant estopped to insist on the invalidity of the oral permit granted appellee in 1949 is error.

The testimony was taken orally before the trial judge and his findings on the facts have the effect of a verdict of a jury. The judgment, therefore, will not be disturbed unless plainly erroneous or manifestly wrong. State ex rel. Turner v. Baumhauer, 1937, 234 Ala. 286, 174 So. 514; Nelson v. Donaldson, 1951, 255 Ala. 76, 50 So.2d 244.

A "use" of a dwelling is defined in the zoning ordinance as "the purpose for which the building is designed, arranged or intended, or for which it is * * * occupied or maintained." (Section 121.13.) The evidence shows that the appellee rented his residence from January 1930—August 1940, to Mrs. John Cook. She testified that she lived in the dwelling and rented space therein to two additional families. The Mitchell family lived in the appellee's dwelling from August 1940 until October 1949. Mrs. Mitchell testified that during her family's tenancy they sublet to two other families. A neighbor also testified that three or four families lived in the Boykin residence during the tenancy of the Mitchell family. We conclude that the trial court committed no error in holding that the residence of appellee was, upon the effective date of the ordinance, 1946, being used as a multi-family dwelling.

On the question of the discontinuance of the aforementioned nonconforming use, the evidence shows that the dwelling has been vacant from October 1949, and at frequent intervals during this period appellee has been repairing said dwelling as weather and financial circumstance would permit. Appellee has expended approximately $4,500 on such repairs. The evidence also shows, though not without conflict, that at no time since 1949, when appellee began the repairs, has a twelve months period elapsed when appellee did not make repairs.

The courts have generally held that the word discontinuance, as used in a zoning ordinance, is equivalent to abandonment. A discontinuance results from the concurrence of an intent to abandon and some overt act or failure to act which carries the implication of abandonment. It means something more than a temporary non-occupancy of a dwelling for the purpose of making repairs. See City of Miami Beach v. State ex rel. Parkway Co., Inc., 1937, 128 Fla. 118, 174 So. 443; Pioneer Insulation & Modernizing Corp. v. City of Lynn, 1954, 331 Mass. 560, 120 N.E.2d 913; People ex rel. Delgado v. Morris, 1948, 334 Ill.App. 557, 79 N.E.2d 839; 62 C.J.S., Municipal Corporations, § 226(19) f. The remodelling or repairing of a dwelling shows an intention to continue rather than to abandon the nonconforming use. Brown v. Gerhardt, 1955, 5 Ill.2d 106, 125 N.E.2d 53; See also 18 A.L.R.2d 751. Hence, the trial court's conclusion on the evidence that the nonconforming use had not been discontinued cannot be said to be manifestly wrong or plainly erroneous.

As heretofore adverted to, § 101 of the Zoning Ordinance provides that no structure shall be altered unless in conformity with the regulations for the district in which it is located; § 102.2 provides that no nonconforming use shall be extended unless in conformity with said regulations. Appellant contends that the action of the building inspector in granting the oral permit violated the express provisions of these sections in that the contemplated repairs constituted structural alteration or an extension of a nonconforming use.

It has been held that the proper test in determining what is a structural alteration to a nonconforming use is whether an existing nonconforming use is

extended and the life of the existing non-conforming building prolonged and not whether there is an increase or decrease in the number of square feet utilized by the nonconforming use. Cole v. City of Battle Creek, 1941, 298 Mich. 98, 298 N.W. 466. In Selligman v. Von Allmen Bros., Inc., 1944, 297 Ky. 121, 179 S.W.2d 207 cited by this court in Moore v. Pettus, 1954, 260 Ala. 616, 71 So.2d 814, 823, the Kentucky Court construed the term "structural alteration" as meaning any structural alteration which will indefinitely prolong the life of the nonconforming building.

This Court stated, in Moore v. Pettus, supra:

"The intention of zoning laws as regards a use of nonconforming property is to restrict rather than extend it. * * * The whole purpose and spirit of the zoning ordinance would be defeated if an owner is permitted to substitute permanent brick walls for rotted exterior walls, put in new flooring in place of rotted flooring, put on a new roof and build a new addition, as this would extend or prolong indefinitely the life of the nonconforming building."

See also Goodrich v. Selligman, 298 Ky. 863, 183 S.W.2d 625; Dienelt v. Monterey County, 1952, 113 Cal.App.2d 128, 247 P. 2d 925.

■ We conclude that reflooring 50% of the floor space, rerooﬁng 50% of the dwelling, making separate entrances and installing separate water, heating and lighting systems, is such an alteration to the dwelling as to prolong indefinitely the life of the nonconforming use; hence the building permit authorizing such repairs was illegally given by the building inspector.

■ Where a building permit is issued in violation of the zoning ordinance, it is invalid, and the permittee acquires no vested rights thereunder and this al-though the permittee has incurred expense in connection therewith and in reliance thereon. Moore v. Pettus, supra. And one to whom a building permit has been illegally issued cannot successfully invoke the doctrine of estoppel so as to preclude the municipality from revoking the permit, notwithstanding the fact that the permittee may have acted in good faith and may have expended money or incurred obligation in reliance upon the permit. Marcus v. Village of Mamaroneck, 1940, 283 N.Y. 325, 28 N.E.2d 856; Hyams v. Amchir, Sup.1945, 57 N.Y.S.2d 77; Vogt v. Borough of Port Vue, 1952, 170 Pa.Super. 526, 85 A.2d 688; See also Goodrich v. Selligman, 298 Ky. 863, 183 S.W.2d 625; Alexander Co. v. City of Owatonna, 1946, 222 Minn. 312, 24 N.W.2d 244; Adler v. Department of Parks & Public Property, 1952, 20 N.J.Super. 240, 89 A.2d 704; Giordano v. Mayor and Council of Borough of Dumont, 1948, 137 N.J.L. 740, 61 A.2d 245, 6 A.L.R.2d 956; Yokley, Zoning Law & Practice, §§ 101, 109; See Annotation 6 A.L.R.2d 960–982.

But § 141, Article 14 of the Lanett Zoning Ordinance provides that the powers of the Board of Adjustment shall be governed by § 781, Title 37, Code of 1940, and among the powers conferred by § 781, Title 37, on the Board of Adjustment is the following: "To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

■ In Nelson v. Donaldson, 1951, 255 Ala. 76, 50 So.2d 244, this Court interpreted §§ 781, 783, Title 37, Code of 1940, to mean that upon appeal to the circuit court from a decision of the Board of Adjustment, the scope of inquiry in the circuit court is the same as that before the Board of Adjustment and the authority of the circuit court on appeal to permit a variance from

**510**

the terms of the ordinance is the same as that conferred on the Board of Adjustment by § 781, Title 37.

The circuit court, in the case at bar, granted appellee a building permit after it found that the proposed repairs would not be contrary to the public interest and that a literal enforcement of the provisions of the ordinance would result in unnecessary hardship to the appellee.

 Section 781, Title 37, Code of 1940, empowers the Board of Adjustment and thus the circuit court, to determine whether in a particular situation the zoning ordinance should be literally applied, and to that end the Board, or if the case has been appealed to the circuit court, the court may make proper adjustment to prevent unnecessary hardship even to the extent of authorizing nonconforming uses. Such variances, however, should be permitted only under peculiar and exceptional circumstances. Nelson v. Donaldson, supra.

Appellee applied for and received a building permit from the official who was authorized to issue permits. In reliance thereon and in good faith he expended approximately $4,500 in repairing the dwelling. Some five to six years after the granting of the permit, when the contemplated repairs were almost completed, he was ordered by the city to desist. Evidence was adduced on behalf of appellee that the repairs improved the appearance of the dwelling and increased the value of the property, that the dwelling was very large and could not be used, as a practical matter, as a single family dwelling, and that there were other multi-family dwellings in the neighborhood. To deny at this time and upon the facts herein presented, a permit, would result, we conclude, in unnecessary hardship to the appellee. His financial loss, if the permit were *now* denied, is not of a kind common to all the property owners in the same use district. See Moore v. Pettus, supra; Nelson v. Donaldson, supra.

A consideration of the circumstances of this case leads us to conclude that the authorizing of a variance from the terms of the ordinance will not be contrary to the public interest, requiring an affirmance of the judgment below.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.