STATE of Missouri ex rel. John H. FRAZE, Appellant,

v.

Bob PEVE, Wayne Vanzomeren, Janet Moss, Keith Ackley and Ron Goff, Members and Chairman of the Board of Adjustment of the City of Maryville, Missouri, and Alpha Zeta Chapter of Alpha Kappa Lambda Householding Association, Inc., a Not-for-Profit Corporation, Respondents.

No. WD 31723.

Missouri Court of Appeals, Western District.

March 2, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 1981.

Application to Transfer Denied May 11, 1981.

---

John H. Fraze, pro se.

Glen A. Dietrich, Maryville, for respondent Alpha Zeta Chapter of Alpha Kappa Lambda Householding Association, Inc.

Before KENNEDY, P. J., and SHANGLER and SOMERVILLE, JJ.

KENNEDY, Presiding Judge.

The question upon the present appeal is whether the decision of the Board of Zoning Adjustment of the City of Maryville, allowing the continued use as a fraternity house of a structure located at 421 West 16th Street in Maryville, as a non-conforming use under Maryville's zoning ordinance, was lawful and was supported by competent and substantial evidence. The trial court found upon certiorari that it was so supported and affirmed the decision of the zoning board. We agree with the trial court and affirm the judgment.

The subject property is located in an area zoned R–2, generally allowing only single family residences. At the time of the enactment of an amendment of the zoning ordinance, placing the area in the R–2 category, it was used as a rooming house. Mrs. Myers, who had owned the property and had operated it as a rooming house for several years, conveyed it to Homer LeMar, Louis Dyke and Stanley L. Wade in March, 1977. At the time, according to Mrs. Myers' testimony before the Board of Zoning Adjustment, there was a total of eight sleeping rooms in the building. After its sale to LeMar, Dyke and Wade, the non-conforming rooming house use was continued until on May 4, 1978, they conveyed the property to Alpha Zeta Chapter of Alpha Kappa Lambda Housing Association, Inc., respondent in the present case. That not-for-profit corporation converted the property into a fraternity house and began to occupy and use it for that purpose. Mr. Jim Wyant, faculty advisor to the fraternity, testified upon the Board of Zoning Adjustment hearing on September 19, 1978, that there was a total of 19 sleeping rooms available in the house.

Neighborhood residents, shortly after the fraternity occupied the house, initiated the present proceeding by filing a petition with the Maryville building inspector requesting that the non-conforming use be terminated. The building inspector denied the petition. The Board of Zoning Adjustment upon appeal, after a hearing, declined to overturn the decision of the building inspector. It is this decision of the Board of Zoning Adjustment which was attacked by writ of certiorari in the circuit court, and which is now before us upon this appeal.

The zoning ordinance of the City of Maryville allows a change from one non-conforming use to another so long as two conditions are met: first, that the second non-conforming use be "of the same degree of non-conformity" as the first; and, second, that no "structural alterations" be made in the structure in connection with the change of use. The parties agree that the rooming house use and the fraternity house use are both classified as R–4 under the Maryville zoning ordinance, and are hence "of the same degree of non-conformity". The ordinance's first condition of continued non-conforming use is therefore complied with.

The parties have joined issue, however, upon the second condition, i. e., whether "structural alterations" were made in the building in connection with its conversion from a rooming house to a fraternity house. There were indeed some alterations made. They are thus described in appellant's brief and in a report by the city attorney to the Board of Zoning Adjustment: 1. addition of a new wall inside the front entrance on the ground level; 2. enlargement of a doorway through a wall toward the north end of the house on the first floor between the kitchen and the bedroom; 3. addition of a new north wall in the kitchen of the basement; and 4. the addition of a stairway from the top floor to the ground in back of the house.

The question before the Board of Zoning Adjustment was whether these changes were "structural alterations" or not. As stated earlier, the Board found the alterations were not of that character. We must decide if the Board's decision was lawful, and whether it was supported by substantial and competent evidence. *Mullen v. City of Kansas City*, 557 S.W.2d 652, 654 (Mo.App.1977).

The evidence before the Board was as follows: The wall inside the front entrance was a partition wall and neither added nor subtracted any structural support or structural integrity of the building.

The stairway was an exterior stairway. The witnesses who lived nearby stated that it was regularly used by occupants of the building. Mr. Dyke, however, who was one of the owners when the stairway was constructed, referred to the stairway as a fire escape and stated that it was put in for insurance purposes. Before the construction of the stairway there was existing a platform with a door opening onto it. He had torn off the old platform. He assumed that there had earlier been a stairway there since the brackets for it were there.

As to the enlargement of the doorway between the bedroom and kitchen on the first floor, and as to the north wall in the kitchen of the basement, the record gives us no additional information at all. These two changes are reported in the city attorney's written report to the Board of Zoning Adjustment. The report concludes: "The remainder of the changes [including the two changes now under consideration—ed] did not involve any structural modifications whatsoever."

The zoning ordinance itself defines "structural alterations" as follows: "Any change in the structural members of a building, such as walls, columns, beams or girders". Appellants contend that by this ordinance definition the walls which were added—one in the first floor entranceway, and the other in the basement kitchen— were "structural alterations". The erection of a wall anywhere within the structure, regardless of its purpose and regardless of its use, according to their argument, would constitute a "structural alteration" and thus would terminate the nonconforming use status of the property. They emphasize the added walls and base no argument upon the stairway or the enlarged doorway.

On the other hand, the building inspector, the Board of Zoning Adjustment and the trial court each in turn took the position that the words "structural members" modified the later words "walls, columns, beams or girders". Thus, a change in a wall would constitute a structural alteration only if the wall was one which was a structural member of the building. As the trial judge found, "None of the changes to the building, including front wall inside front entrance, enlargement of a doorway, addition of new north wall in kitchen (in basement— ed) and addition of stairway in back of house, amounted to a structural change. They were of cosmetic in nature and did not add to nor take away from structural integrity of building." This construction of the ordinance definition of "structural alteration" comports with the definition contained in Black's Law Dictionary, Revised Fourth Edition (1968), which is as follows: "One that affects a vital and substantial portion of a thing; that changes its characteristic appearance, the fundamental purpose of its erection, and the uses contemplated, one that is extraordinary in scope and effect, or unusual in expenditure". To the same effect, see *Hanna v. Board of Adjustment of Borough of Forest Hills*, 408 Pa. 306, 183 A.2d 539 (Pa.1962); *Selligman v. Van Allmen Bros.*, 297 Ky. 121, 179 S.W.2d 207 (Ky.App.1944).

None of the described alterations constituted a "structural alteration" within the meaning of the Maryville zoning ordinance.

There was competent and substantial evidence before the Board of Zoning Adjustment to support its conclusion that the nonconforming use status of the subject property had not been lost by the alterations described in the evidence.

The judgment of the trial court is affirmed.

All concur.