WRIGHT, Presiding Judge.
This is a zoning case.
Mary Chapman appeals from a judgment of the Circuit Court of Mobile County, which affirmed the decision of the Board of Adjustment for the City of Mobile. In January 1984, the Board of Adjustment (Board) granted a side yard variance to Mrs. Chapman’s neighbors, the Hallets. Mrs. Chapman contends on appeal that the trial court committed reversible error in granting the variance to the Hallets. We find that the trial court did not commit reversible error and affirm.
The case involves the following pertinent facts:
In October 1983, Henry and Clara Hallet began construction of a utility building and storage area at the end of the carport at their residence in Mobile, Alabama. Mary Chapman, the Hallets’ next-door neighbor, complained about the construction to the Inspection Service Department of the City of Mobile. After Mrs. Chapman’s complaint, Mr. Hallet received notice that he would have to obtain a building permit. Hallet attempted to obtain a permit and learned that he would have to apply for a side yard variance to construct the utility building closer than eight feet to his property line. He applied for the variance, and on January 9, 1984, the Board granted the requested variance. The Inspection Service Department then granted a building permit, and the Hallets completed construction of the utility building.
Unknown to the Hallets, Mrs. Chapman appealed the order of the Board to the Circuit Court of Mobile County. The Hal-lets were not notified of the appeal and proceeded with the construction of the building as authorized by the building permit. Mrs. Chapman made no further complaint to the Hallets and did not advise them of her appeal.
*1160 In a zoning case, the primary question is whether, due to special conditions, a literal enforcement of a zoning ordinance will result in unnecessary hardship. Pipes v. Adams, 381 So.2d 86 (Ala. Civ.App.1980). The Board has the power to determine that in a particular situation the zoning ordinance should not be applied literally, and to that end the Board should make proper adjustment to prevent unnecessary hardship, even to the extent of authorizing nonconforming uses. Nelson v. Donaldson, 255 Ala. 76, 50 So.2d 244 (1951). Upon appeal to the circuit court from a decision of the Board, the scope of inquiry in the circuit court is the same as that before the Board, and the authority of the circuit court on appeal to permit a variance from the terms of the ordinance is the same as that conferred on the Board. Board of Zoning Adjustment v. Boykin, 265 Ala. 504, 92 So.2d 906 (1957). Whether a variance should be granted must be determined from the facts of the particular case. Arant v. Board of Adjustment, 271 Ala. 600, 126 So.2d 100 (1961); and when the evidence is heard ore tenus, the scope of review is extremely narrow. U-Totem of Alabama, Inc. v. Board of Adjustment, 412 So.2d 787 (Ala.Civ.App.1982). When the evidence is heard by the trial court ore tenus, its findings are presumed correct and will not be overturned except for plain and palpable abuse of discretion. Board of Zoning Adjustment v. Britt, 456 So.2d 1104 (Ala.Civ.App.1984).
Mrs. Chapman claims that the trial court erred in holding that the Hallets’ situation posed an unnecessary hardship which entitled them to a variance from the city zoning ordinance. She claims that the hardship claimed by the Hallets is one of necessity and convenience and is self-created or self-inflicted. Therefore, Mrs. Chapman contends that the Hallets have suffered no unnecessary hardship and are not entitled to a variance.
We cannot say from the particular facts of this case that the trial court erred in finding that an unnecessary hardship existed. From the evidence previously related the court could find that the Hallets, in good faith, relied on the building permit that they received and completed construction of the utility building without receiving notice of an appeal from Mrs. Chapman; thus supporting the conclusion that an unnecessary hardship existed for the Hallets. The trial court relied on the case of Board of Zoning Adjustment v. Boy-kin, 265 Ala. 504, 92 So.2d 906 (1957), to support its holding. In Boykin the court held that an innocent self-inflicted hardship may form the basis of the unnecessary hardship required for a variance. The facts in Boykin are similar to the case at bar. In Boykin the appellee applied for and received a building permit from an official who was authorized to issue such permits. In reliance thereon and in good faith, the appellee expended money in repairing his building. Some five to six years after the permit was granted, when the contemplated repairs were almost complete, he was ordered by the City to desist. The court held that, on these facts, to deny a variance at that time and upon the facts presented would result in unnecessary hardship. We agree with the trial court that although this was a self-inflicted hardship, it would be an unnecessary hardship to require the Hallets to remove their addition.
Trial courts may also consider whether granting a variance will be contrary to the public interest (and the interest of the people in a given use district). Priest v. Griffin, 284 Ala. 97, 222 So.2d 353 (1969). In this case the trial court found that the Hallets’ storage building does not introduce an alien use to the neighborhood, and that the character of the neighborhood will not be changed or altered by the variance requested by the Hallets. The testimony at trial established that there are numerous structures in the vicinity of the Hallets’ property that violate the eight-foot setback rule from which the Hallets sought a variance, including Mrs. Chapman’s garage which sits on the property line. Therefore, the trial court found that the spirit of the zoning ordinance would be observed and substantial justice done to the applicants *1161 and the surrounding neighborhood by granting the variance requested.
We are of the opinion that the evidence is sufficient to support the judgment of the trial court.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.